MILLER, Judge.
Plaintiffs R. F. Morrison and other residents of the Iris Park area near Pineville appeal the judgment rejecting their attack on the validity of the Pineville ordinance annexing the Iris Park area. We reverse.
The Iris Park area is bounded on three sides by the City of Pineville and it is necessary to go through the Iris Park area to get to some homes located in the city. Availing themselves of LSA-R.S. 33:172, starting in *706 May of 1971 some Iris Park area residents signed a petition seeking annexation. By May 2, 1972 eleven resident taxpayers had signed the petition. The Rapides Parish Deputy Tax Assessor certified that there are forty-four resident property taxpayers within the area; that eleven resident property taxpayers signed the petition; that the total assessed valuation of property within the area is $102,900; and the total assessment of the taxpayers who signed the petition is $27,550. The certificate concluded with the statement that the petition (seeking annexation) has been signed by more than twenty-five per cent (25%) in number and in assessed valuation of the resident property taxpayers within said area.
The petition was presented to defendants (the city, the mayor and aldermen) at the May 2, 1972 regular meeting of the mayor and board of aldermen. A notice of the petition for annexation was published in the official journal on May 9, 1972. On May 18, the mayor received a letter of protest from one resident of the Iris Park area, but this resident did not join in the suit to annul the annexation ordinance.
At the June 6, 1972 regular meeting of the mayor and board of aldermen, several supporters and opponents to the- annexation appeared. The mayor and aldermen were unable to answer all questions posed at that time and the matter was then tabled. At the June 6th meeting a special meeting was called for June 19, 1972 so that the mayor and aldermen could hear interested parties and consider the annexation ordinance.
Shortly before the June 19 meeting, three signatories to the petition for annexation contacted the mayor and requested that their names be removed from the petition. The mayor allowed two of them to strike through their own signatures to the petition and at the telephone request of the third, he penciled two lines through the signature of that party. Neither the interested parties nor the mayor sought permission from the board of aldermen to remove these signatures from the petition which had been presented on May 2, 1972.
At the June 19 meeting, the mayor and aldermen received a supplemental petition adding three additional resident taxpayers to the May 2nd petition. These signatories owned property valued at more than the three resident taxpayers who contacted the mayor in an effort to remove their names from the annexation petition. Also presented at the June 19 meeting was a second certificate from the Deputy Tax Collector certifying that the petition had been signed by more than twenty-five (25%) in number and in assessed valuation of the resident property taxpayers within the area. The protests were heard and the annexation ordinance was adopted at the June 19 meeting. On July 12, 1972, twenty resident taxpayers in the Iris Park area filed this suit to annul the ordinance.
Plaintiffs appellants contend that the ordinance is null because the mayor and aldermen failed to comply with the strict requirements of LSA-R.S. 33:171 et seq. in that the city failed to publish notice of the supplemental petition filed June 19. Related to this contention is appellants’ argument that three of the original signatories had the right to remove their names from the petition after June 6th meeting and before adoption of the ordinance, but that additional signatories to the petition could not be accepted without readvertising the proposed annexation. Additionally, appellants contend that the deputy assessor’s certificate is defective because it was established that the deputy assessor failed to include public service assessments in his computation of the value of all property within the area sought to be annexed.
We pretermit consideration of the first issues because we find merit in appellants’ final contention.
In order to have a valid annexation ordinance, the governing body must have been presented with a petition containing the assent of the owners of 25% in value of the property within the area proposed to be in- *707 eluded. LSA-R.S. 33-.172[1]. The assessor’s certificate certified that this requirement was met, but the deputy assessor testified that this determination was made without considering the value of public service property which he knew was located in the Iris Park area. He testified that the Iris Park area was served by an electric utility company, a telephone company and possibly by a natural gas company. He explained that the assessments of assets of these public service corporations are not handled by local assessors. Tr. 98. The assessments are not based on how much property each public service corporation owns on each block, but rather on how much property each such corporation owns in the entire city. He admitted that a valuation of the public service corporations’ assets in the. Iris Park area could be obtained, but this was not considered since this had never been required or used in computing assessed valuation for annexation purposes in numerous other Rapides Parish annexations.
To comply with the statutory requirement that the written assent of twenty-five (25%) per cent in number of resident property owners and in value of the property within the area proposed to be included in the corporate limits, the assessor must consider the word “property” to in-elude all property on the assessment rolls including that on the general roll as well as that on the commercial and industrial rolls and the public service rolls. Stein v. Town of Lafitte, 266 So.2d 516, 521 (La.App. 4 Cir. 1972), writ refused.
The city contends that the Stein case is not applicable; that in Stein, the opponents to the annexation proved the values of property on the commercial, industrial and public service rolls and established that when these values were added to the general rolls, the petition failed to meet the 25% of valuation requirement. The city points out that the opponents in this case did not establish the value of Iris Park area’s property which might be assessed on the commercial, industrial and public service rolls. The city contends that the opponents have the burden of proving the valuations, citing Dupre v. City of Houma, 126 So.2d 637 (La.App. 1 Cir. 1961), and Hider v. Town of Lake Providence, 91 So.2d 387 (La.App. 2 Cir. 1957). These cases granted a presumption that the assessor’s certificate is valid until its invalidity is established by evidence showing that the petition fails to contain the necessary signatures in either number or valuation.
The opponents met this burden when they established by the deputy asses *708 sor who gave the certificate that in computing the value of property within the Iris Park area, he did not include public service assessments (Tr. 91, 92); that electric and telephone companies have improvements in the area and the gas company may have improvements located therein (Tr. 98); and that he has records that indicate the value of public service assessments (Tr. 92).
The assessor’s certificate is meaningless because of the failure to include the value of this property in computing the total value of the property within the area proposed to be included in the corporate limits.
A municipality is held to strict compliance of the statutory requirements pertaining to annexation in order to have a valid alteration of its corporate limits. Pyle v. City of Shreveport, 215 La. 257, 40 So.2d 235 (1948).
The judgment appealed from is annulled and set aside and it is now ordered, adjudged, and decreed that Ordinance No. 631 of the City of Pineville is null and void and of no effect. Court costs in both the trial and appellate court are assessed to the City of Pineville insofar as LSA-R.S. 13:4521 permits.
Reversed and rendered.

. B..S. 33:172 Petition to annex territory; valuation of property; notice of filing petition; hearing concerning proposed ordinance No ordinance enlarging the boundaries of a municipality shall be valid unless prior to the adoption thereof a petition has been presented to the governing body of the municipality containing the written assent of twenty-five per cent in number of the resident property owners as well as twenty-five per cent in value of the property within the area proposed to be included in the corporate limits according to the certificate of the parish assessor. The valuation shall be certified to by the assessor according to the assessment of each of the owners signing the petition. Where there has been a change of ownership since the last assessment of the property, the assessor shall certify the valuation of the present owner in accordance with the last assessment appearing on the rolls against any previous owner. In any case where the property of the present owner has not specifically been assessed the assessor shall estimate the assessed value of the property for the current year and certify the same as the value of the property.
Notice by publication shall be given once of the filing of the petition in some newspaper published or having general circulation in the municipality. No ordinance enlarging the boundaries of the municipality shall be adopted until ten days after the publication of the notice. Anyone desiring to be heard with reference to the proposed ordinance shall notify the clerk or secretary of the municipality in writing and the governing authorities before adopting any ordinance, shall grant such hearing.
(NOTE: The statute was amended in 1972 to require, among other things, the signature of a majority of the resident property owners.)