746 So.2d 663 (1999)
Robert L. KENNEDY, Plaintiff-Appellee,
v.
TOWN OF GEORGETOWN, et al., Defendants-Appellants.
No. 99-468.
Court of Appeal of Louisiana, Third Circuit.
October 13, 1999.
Robert L. Kennedy, Colfax, Pro se.
Henry H. Lemoine, Jr., Pineville, for Town of Georgetown, et al.
Before YELVERTON, WOODARD and PICKETT, Judges.
PICKETT, Judge.
The Defendants, the Town of Georgetown (Georgetown) and the Town of Pollock (Pollock), appeal a judgment of the trial court declaring two separate annexation ordinances to be void ab initio. For the following reasons, we affirm the trial court's judgment.

FACTS
This consolidated matter arises from two separate towns' attempts to annex additional land into each town's corporate limits within Grant Parish, Louisiana. On December 4, 1995, Pollock adopted Ordinance Number 8-30-95 (the Pollock ordinance), which annexed the following into its corporate limits of town property:
From the existing southern corporate limits of the Town of Pollock, Louisiana, located on U.S. 165 to the existing Parish line separating Grant and Rapides Parish located at Ball, Louisiana on U.S. 165 containing 5.4 miles.
On February 10, 1996, Georgetown adopted Ordinance Number 53 (the Georgetown ordinance), which annexed the following into its corporate limits of town property:
U.S. Hwy. 165 and its adjacent right-of-way from the junction of Louisiana State Hwy. 123 and U.S. Hwy. 165 to the LaSalle and Grant Parish boundary north of Georgetown, Louisiana.
*664 On January 22, 1998, Robert L. Kennedy, a citizen of Grant Parish, filed suit against Georgetown, its mayor and council members seeking to have the Georgetown ordinance declared invalid. Abel Garza, also a citizen of Grant Parish, filed suit against Pollock, its mayor and council members seeking to have the Pollock ordinance declared invalid. The suits were subsequently consolidated for trial and submitted to the trial court for trial on stipulation. On December 28, 1998, the trial court rendered judgment dismissing the suits against the mayors and council members, but ruling against Georgetown and Pollock by declaring both the Georgetown ordinance and the Pollock ordinance void ab initio. Georgetown and Pollock now appeal alleging two assignments of error, namely:
1. The trial court erred in finding that the annexations were void ab initio.
2. The trial court erred in refusing to consider the constitutionality of La. R.S. 33:180, as amended by Acts 1997, No. 1304.

OPINION
The dispute in these cases revolve around the trial court's application and interpretation of the following statutory provisions; La.R.S. 33:174, 33:175 and 33:180. La.R.S. 33:174 and 33:180 were amended in 1997. The 1996 annexation ordinances in question pre-date the amended statutes, therefore, our analysis considers the statutory language prior to the amendment.

ASSIGNMENT OF ERROR NO. 1
The trial court found the ordinances in dispute to be void ab initio. The trial court stated in written reasons:
It is clear from the stipulations that the towns did not comply with the provisions of La.R.S. 33:180 because the State of Louisiana did not petition the towns to annex the respective portions of U.S. Highway 165 that they attempted to annex by the ordinances they passed. Since there was not proper compliance with the procedure by which a town could annex property owned by the State, the annexations were void ab initio and are of no legal effect.
La.R.S. 33:180 prior to the 1997 amendment states:
The governing body of any municipality... may by ordinance, enlarge the boundaries of the municipality to include territory within which all of the land is owned by a state agency, political subdivision, or public body, upon petition of the governing body of the agency, political subdivision or public body owning the land which is to be so included. The governing body of the municipality may, in its discretion, upon majority vote thereof, adopt such an ordinance without the necessity of compliance with any of the procedures of advertisement, petition by residents, public hearing or other procedures set forth in this sub-part.
The areas sought to be annexed, namely, the public highway and right-of-way, are wholly owned by the State of Louisiana. The trial court found no evidence that the towns of Georgetown or Pollock were petitioned as required by La.R.S. 33:180 and found, therefore, the ordinances were void ab initio. Since the factual finding of the trial court is clearly correct, the question becomes whether failure to follow the procedure set forth in the statute results in the ordinances being void ab initio. This issue is res nova.
Municipalities are creatures of the Legislature and possess those powers granted to them by the state. La. Const. Art. VI § 2 and Kel-Kan Inv. Corp. v. Village of Greenwood, 428 So.2d 401 (La. 1983).
When the Legislature does delegate its power to the municipal authorities, strict compliance with the procedure prescribed in the statute is essential to a valid alteration of the municipality's corporate limits. Pyle v. City of Shreveport, 215 La. 257, 40 So.2d 235 (1948).
*665 The Legislature, through the enactment of La.R.S. 33:180, grants municipalities the authority and power to annex property wholly owned by the State of Louisiana. In the absence of a petition by the state agency, political subdivision or public body that is the owner of property sought to be annexed, when the entire territory to be annexed is owned by that state agency, political subdivision or public body, the municipality is without the authority to proceed. Therefore, the ordinances passed by the towns of Georgetown and Pollock are ultra vires acts. As such, they are null and void.

ASSIGNMENT OF ERROR NO. 2
Appellant argues the trial court erred in refusing to consider the constitutionality of La.R.S. 33:180, as amended by Acts 1997, No. 1304.
The 1996 annexations pre-date this amendment. This court's analysis considers the statutory language in effect at the time the ordinances were enacted. Having found these ordinances void and without effect, it is unnecessary to consider the constitutionality of the 1997 amendment.
For the foregoing reasons, the judgment appealed from is affirmed at appellant's cost.