Dear Mayor Jones:
This office is in receipt of your request for an opinion of the Attorney General in regard to annexation of property into the Town limits. You indicate the property sought to be annexed is not contiguous with the Town, and the property located between the corporate limits of the Town and the subject property is owned by a single private individual not wanting to be annexed into the Town. You further state the subject property was conveyed to the Rapides Parish Housing Authority by warranty deed from the non-profit corporation. Rapides Leased Housing Corporation, upon which Housing Authority constructed low income housing units with public monies. Additionally, you point out that the current corporate limits of the Town and the subject property is connected by a Parish road that is subject to Parish maintenance.
You ask what would be the procedure for annexation of the subject property into the corporate limits of the Town of Lecompte, and set forth the following questions:
 1) If the subject property is owned by a public body, can it be annexed into the town regardless of its contiguity with the Town?
 2) Can a non-contiguous parcel of land owned by a private landowner be annexed into the town along with the road connecting the two.
In regard to your request we find in the provisions for the Housing Authority, R.S. 40:381 et seq, that the definition in Paragraph 16 of 40:384 is pertinent wherein it provides that "local housing authority" or "authority" as used in the section means "a public body to be established by a parish" and that "it is a political subdivision of this state, independent from the municipality or parish which established or establishes it or which may appoint some or all of its commissioners."
We find a series of opinions of this office that have concluded the land sought to be annexed to a municipality must be contiguous, but it is sufficient "if enough of the new territory abuts the town so as to allow free ingress and egress." Atty. Gen. Ops. 1944-46, page 503, 79-701. 85-950, 88-97.
While we do not find any jurisprudence that directly answers the question whether property owned by a public body can be annexed into the town regardless of its contiguity with the Town, the reasoning in Parish of Ouachita v. Town of Richwood,697 So.2d 623 (La.App 2 Cir. 1997) is applicable.
In the latter case the court agreed with the Parish that contiguity is required for annexation by petition/ordinance. The Parish argued the only reasonable interpretation of the words "enlarging the boundaries" as used in R.S. 33:172(A) is "to extend" or "to expand" the existing boundaries, and the court noted C.C. Art. 784 provides that the boundary was the line of separation between contiguous lands. It was concluded by giving the words of law their generally prevailing meaning the "case requires finding that contiguity between the area to be annexed and the annexing municipality is required for annexation by petition/ordinance." This was concluded despite the argument of the Town that free ingress and egress of vehicular traffic was sufficient to satisfy the requirement that boundaries must touch.
We note under R.S. 33:180, "Ordinance to annex territory owned by a public body", that Paragraph A provides in part that "the governing body of any municipality * * * may by ordinance, enlargethe boundaries of the municipality to include territory within which all of the land is owned by a state agency, political subdivision or public body, but only upon the petition of the governing body * * * owning the land which is to be so included." Finding the same language as interpreted by the Court in theParish of Ouachita case, supra, it must be concluded the land to be annexed must be contiguous to "enlarge the boundaries."
Also pertinent to your inquiry is the case of Kennedy v. Town ofGeorgetown, 746 So.2d 663 (La.App 3 Cir 1999) where two Towns sought to annex a State highway and right-of-way. The Court found no evidence that the Towns were petitioned, and observed that while R.S. 33:180 grants municipalities authority and power to annex property wholly owned by the State, in absence of a petition by the state agency, political subdivision or public body that is the owner of the property sought to be annexed, the municipality is without authority to proceed.
We recognize that R.S. 33:180 has been amended since the latter decision and now provides as follows:
 A. The governing body of any municipality other than the City of New Orleans may, by ordinance, enlarge the boundaries of the municipality to include territory within which all of the land is owned by a state agency, political subdivision, or public body, but only upon petition of the governing body of the agency, political subdivision, or public body owning the land which is to be so included. Except as otherwise provided by this section, the governing body of the municipality may, in its discretion, upon majority vote thereof, adopt such an ordinance without this necessity of compliance with any of the procedures of advertisement, petition by resident, public hearing, or other procedures set forth in this Subpart.
 B. No municipality may annex the paved portion of a public road without including in such annexation all property adjacent to at least one side of the road, the paved portion of which is included in the annexation.
 C. A municipality may annex a portion of the right-of-way of a public road as a corridor connecting other property which is not contiguous to the municipality but which is to be annexed without including the property adjacent to the corridor. Any annexation pursuant to this Subsection shall be in accordance with the following:
 (1) The municipality shall, by certified mail, notify the state agency or political subdivision which own the road proposed to be annexed at least thirty days prior to the introduction of the ordinance proposing such annexation.
 (2) The petition or written consent of the state agency or political subdivision must be received by the municipality prior to the adoption of the ordinance.
Inasmuch as the owner of the property that is between the present municipal boundary and the subject property does not want to be placed in the municipal limits, it appears that the subject property cannot be annexed without annexation of the public road as a corridor to connect the property inasmuch as it is not contiguous to the existing boundary of the municipality.
Accordingly, we must conclude under the jurisprudence and the present statutory law, the provisions of R.S. 33:180(A) and (C) must be complied with wherein the political subdivision which owns the road proposed to be annexed must be notified, and the consent must be received prior to the adoption of the ordinance, and a petition of the political subdivision owning the land to be annexed must be received.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr
Hon. Rosa Jones, Mayor Town of Lecompte P.O. Box 649 Lecompte, LA 71436
Date Received: Date Released: 03/30/00
Barbara Rutledge Assistant Attorney General