Dear Mayor Villere:
You have requested an opinion regarding the legality of the City of Covington annexing property across the Bogue Falaya River from the City of Covington proper.
You point out that the portion of the river along this boundary is navigable and thus, presumably, State-owned.
You ask whether the provisions of La. R.S. 33:180 apply to this situation, i.e., annexation of property across a navigable river from a municipality, and whether the public body owning the river must petition for such action. It should be noted that while a municipality may utilize a public road as a corridor for the annexation of, other property not contiguous to the municipality, there are no similar provisions which apply to rivers as a corridor for annexation.
However, the Louisiana Supreme Court has found the Bogue Falaya River navigable and, thus, State-owned on two occasions. The first decision was in the case of Ingram v. Police Jury of St. Tammany, 20 La. Ann. 226 (1868), and the second in Ramsey River Road Property Owners Association,Inc. v. Reeves, 396 So.2d 873 (La. 1981), also holding the Bogue Falaya River to be navigable and State-owned. Thus, Louisiana is the owner of the bed and bottom of the Bogue Falaya River.
La. R.S. 33:180 does not specifically apply to a navigable river, but rather to land owned by a state agency, political subdivision or public body. Therefore, the bed and bottom of the river being State-owned, the City of Covington is authorized by ordinance to enlarge its municipal boundaries to include the territory within which all of the land is owned by the State, i.e., the river bed, but only upon petition by the State, as required by La. R.S. 33:180 (A). See Kennedy v. Town of Georgetown,746 So.2d 663 (La. 1999).
As regards the annexation of property across the river from the City of Covington, other provisions of law must be followed which require a petition containing the written assent of a majority of the registered voters and a majority in number of the resident property owners as well as twenty-five percent in value of the property of the resident property owners within the area proposed to be included in the corporate limits. See La. R.S. 33:172 (A), copy enclosed.
The annexation procedure is discussed in this statute and in opinions no. 89-57 and 89-57A of the Attorney General which analyze this statute, copies of which are attached for your information concerning the annexation procedure.
We hope that this opinion is of assistance to you and if we may be of further help, please call upon us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________________ GARY L. KEYSER, Chief Lands Natural Resources Section
RPI/GLK/tp
 OPINION NUMBER 89-57
May 10, 1989
71 MUNICIPALITIES
R.S. 33:172A
"Property," which requires certain value for owners to quality on annexation petition, refers to assessed property of all kinds, and not just to residences.
Honorable Roy Brun State Representative Louisiana House of Representatives 610 Marshall St., Suite 725 Shreveport, LA 71101
Dear Representative Brun:
You have requested our opinion as to the meaning of "resident property owners" as used in LSA-R.S. 33:172, the statute providing for municipal annexation of territory.
 R.S. 33:172A provides:
 No ordinance enlarging the boundaries of a municipality shall be valid unless prior to the adoption thereof a petition has been presented to the governing body of a municipality containing the written assent of a majority of the registered voters and a majority in number of the resident property owners as well as well as twenty-five percent in value of the property of the resident property owners within the area proposed to be included in the corporate limits . . .
Accordingly an annexation ordinance must be supported by the signatures of (1) a majority of voters in the to be annexed area, (2) a majority of the property owners residing in the area, and (3) an indeterminate number of the persons residing in the area who cumulatively own 25% of the value of the property in the area.
"Resident property owner" is not limited to the owners of residences. The statute refers to the certificate of the assessor in determining value. "Property" refers to assessed property, including commercial, industrial and public service assessments. Stein v. Town of Lafitte,266 So.2d 576 (La.App. 4th Cir. 1972). The resident owners of 25% of the assessed value of this aggregate of property would have to be included in the majority of owners signing the petition.
"Resident" describes owners in the statute, not the character of the property to be valued.
Trusting this to be of sufficient information, I am
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: ___________________________ CHARLES J. YEAGER Assistant Attorney General
CJY:tm
 OPINION NUMBER 89-57A
September 29, 1989
71 MUNICIPALITIES
R.S. 33:172A
Reaffirms original Opinion Number 89-57.
Mr. Charles C. Grubb Shreveport City Attorney P.O. Box 31109 Shreveport, LA 71130
Dear Mr. Grubb:
You have requested our reconsideration of Opinion No. 89-57, in particular the nature of the property identified by LSA-R.S. 33:172A, a percentage of the owners of which must be signatories to a petition for annexation of territory by a municipality within which the property must be located.
The original opinion, citing Stein v. Town of Lafitte, 266 So.2d 516
(La.App. 4th Cir. 1972), held "property" to refer to assessed property, including commercial, industrial and public service assessments. You have asserted that "property" in R.S. 33:172A is restricted to residentialproperty only.
The relevant sentence of R.S. 33:172A requires the signatures of a majority of voters for annexation and "a majority in number of the resident property owners as well as twenty-five percent in value of theproperty of the resident property owners. . . ." The statute uses property in its broadest and most inclusive meaning, and does not restrict or limit property to mean "residential property only."
The original opinion, the statute, the Stein case and Kansas City So.Ry. v. City of Shreveport, 354 So.2d 1362, 1376 (La. 1978) are in harmony on the issue of the nature of the property subject to the valuation requirement of the annexation petition. Kansas City So. Ry endorses the use of homestead exemption rolls to identify the resident owners in order to certify their signature on the petition.
As p. 13p8, fn. 8, the Court noted that the prior statute included allassessed property, commercial, industrial and public service. In the following paragraph, the Court noted the two changes in the statute — neither of which altered the nature of the property subject to the valuation percentage of the petition. Hence the interpretation ofStein and Morrison v. City of Pineville, 288 So.2d 705 (La.App. 3rd Cir. 1974) that commercial, industrial and public service property owned by resident owners, as well as residential property, was included in the scope of the valuation requirement of R.S. 33:172, continues to be a correct statement of Louisiana law.
The original opinion is affirmed.
Trusting this to be of sufficient information, I am
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: ___________________________ CHARLES J. YEAGER Assistant Attorney General
CJY:tm