420 So.2d 1243 (1982)
J.B. WILLIS, et al., Plaintiffs & Appellants,
v.
Joseph C. FRANKLIN, Defendant & Appellee.
No. 82-98.
Court of Appeal of Louisiana, Third Circuit.
October 13, 1982.
*1244 J. Burton Willis, St. Martinville, for plaintiffs & appellants.
Plauche, Hartley, Lapeyre & Ottinger, George L. Potter, Jr., Lafayette, for defendant & appellee.
Before CULPEPPER, CUTRER and LABORDE, JJ.
CULPEPPER, Judge.
This is a suit for dissolution of a mineral lease and damages. The plaintiffs-appellants, J.B. and Celine Durand Willis, are lessors. They were initially joined in the petition by two of their co-lessors, Barry J. and Hazel Comeaux, who later withdrew from the suit. The defendant-appellee is Joseph C. Franklin, the lessee. The defendant filed dilatory exceptions of prematurity and nonjoinder of necessary parties, and peremptory exceptions of no cause of action and nonjoinder of indispensable parties. The trial court held plaintiff's suit was premature for lack of 30 days written notice of nonpayment of royalties. From a judgment dismissing his suit, plaintiff appeals. We affirm.
At the hearing of the exceptions, evidence was introduced on the exceptions of prematurity and nonjoinder. Through this evidence and stipulations of the parties, the following facts were established.
On January 1, 1979, J.B. Willis, et al, executed a mineral lease in favor of Joseph C. Franklin covering certain properties in St. Martin Parish and providing a 1/5 royalty to the lessors. A portion of the lease was later included in a conservation unit in which the unit well commenced production in January of 1981.
In early July of 1981, Judge E.L. Guidry, Jr., one of the co-lessors with the plaintiffs, contacted Mr. James Brannon, vice president and land manager of the Hawthorne Oil & Gas Company (assignee of the lease), by telephone regarding payment of royalties due under the lease. In response thereto, Mr. Brannon wrote letters to the crude oil purchaser, Tesoro Crude Oil Company, on July 10, 1981 and July 28, 1981, requesting that the royalties be paid to these lessors at an early date. On August 24, 1981, Judge Guidry wrote to Tesoro himself, advising that he had received their checks for royalties due for the month of July, 1981, but notifying them that he had not received payment of the royalties due from January through June of 1981. A copy of this letter was sent to Hawthorne Oil & Gas.
On September 2, 1981, plaintiff, Mr. Willis, wrote a letter to Teroso demanding payment of the royalties due him and Larry Comeaux, and asking the reason for nonpayment. Also in early September, 1981, Mr. Willis contacted David C. Franklin, land manager for the defendant, by telephone regarding the royalties due. However, this telephone conversation ended unsatisfactorily. Suit was then filed on September 11, 1981.
*1245 It was also established by stipulation that checks for royalties due were tendered to the plaintiffs Willis and Comeaux by Tesoro on or before September 23, 1981. Comeaux kept his, but Willis returned his. On October 23, 1981, Willis received from Tesoro another royalty which he also returned with a letter stating he would not accept any further checks.
The statutory law applicable to this case is set out in the Louisiana Mineral Code, articles 137 through 139, which read as follows:
"§ 137. Nonpayment of royalties; notice prerequisite to judicial demand
If a mineral lessor seeks relief for the failure of his lessee to make timely or proper payment of royalties, he must give his lessee written notice of such failure as a prerequisite to a judicial demand for damages or dissolution of the lease.
"§ 138. Required response of lessee to notice
The lessee shall have thirty days after receipt of the required notice within which to pay the royalties due or to respond by stating in writing a reasonable cause for nonpayment. The payment or nonpayment of the royalties or stating or failing to state a reasonable cause for nonpayment within this period has the following effect on the remedies of dissolution and damages.
"§ 139. Effect of payment in response to notice
If the lessee pays the royalties due in response to the required notice, the remedy of dissolution shall be unavailable unless it be found that the original failure to pay was fraudulent. The court may award as damages double the amount of royalties due, interest on that sum from the date due, and a reasonable attorney's fee, provided the original failure to pay royalties was either fraudulent or willful and without reasonable grounds. In all other cases, such as mere oversight or neglect, damages shall be limited to interest on the royalties computed from the date due, and a reasonable attorney's fee if such interest is not paid within thirty days of written demand therefor."
The reasons for the "written notice" required by Article 137 and the procedure set out in Articles 137-140 are stated in the lengthy Comments under Article 137, which comments we see no need to repeat here.
The statutes are clear and unambiguous with regard to the notice requirement. Article 137 provides that a mineral lessor must give his lessee "written notice" of the lessee's failure to make timely or proper payment of royalties. This notice is an indispensable prerequisite to a judicial demand for dissolution of the lease or damages. It affords the lessee an opportunity to evaluate a nonpayment situation and to make a decision regarding whether the royalties allegedly due should be paid. When the written notice has been given, the provisions of Article 138 become applicable, and the lessee must pay the royalties due within 30 days of receipt of the notice or respond by stating reasonable cause for nonpayment in writing. If the lessee pays the royalties demanded within 30 days after receipt of the lessor's written notice, as was done in this case, under Article 139 the remedy of dissolution becomes unavailable to the lessor unless the lessee fraudulently withheld payment. See Arceneaux v. Hawkins, 376 So.2d 362 (La.App. 3rd Cir.1979).
A cardinal rule of our Civil Code is that when a statute is clear and free from all ambiguity, the letter of it is not to be disregarded, under the pretext of pursuing its spirit. LSA-C.C. article 13. The "written notice" requirement of Article 137 is clear and unambiguous.
Plaintiff Willis did not make a written request for payment until September 2, 1981, when he wrote the letter to Tesoro, the purchaser, and mailed a certified copy to Hawthorne. Nine days later, the plaintiffs filed this suit. They did not allege fraud on the lessee's part, or that 30 days had elapsed since written notice of nonpayment. We conclude that the plaintiffs' suit was premature, since they did not give the lessee the "written notice" required by LSA-R.S. 31:137.
We reject plaintiffs' argument that the important word in Article 137 is the noun "notice," not the adjective, "written." The *1246 argument is that the word "written" is merely directory to make easier the truth-seeking process of whether there was notice. Pursuant to this argument, plaintiffs contend the defendant had actual notice of the nonpayment of royalties from Judge Guidry's letter of July 10, 1981, a division order signed in July of 1981, and the telephone request described in the above statement of facts. None of these constituted the written notice required by Article 137. Moreover, as to the alleged division order, which plaintiff states was signed by all of the lessors and submitted to Tesoro on July 28, 1981, no such division order nor copy thereof was introduced in evidence at the hearing, and there is no other evidence in the record to support such a claim.
It is noteworthy that the trial judge gave the plaintiffs 15 days within which to amend their petition to include an allegation of the 30 days written notice required by Article 137, if such could be made. The plaintiffs failed to so amend. The trial judge then signed a judgment sustaining the exception of prematurity and dismissing plaintiff's suit without prejudice.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiffs-appellants.
AFFIRMED.