637 So.2d 1199 (1994)
Martha Miller STOUTE, James Barry Janis, Junior L. Muse, Kerry J. Vosburg, Earl Joseph Mix and all Similarly Situated Class Members
v.
WAGNER & BROWN, Franks Petroleum, Inc., Ennex, Ltd., Meridian Oil, Inc., Bledsoe Energy Corporation, Cairn Properties Limited Partnership, and Columbia Gas Transmission Corporation.
No. CA 93 1207.
Court of Appeal of Louisiana, First Circuit.
May 20, 1994.
W. Noland Thomas, Houma, Virgil A. Lacy, III, Bruce A. Cranner, Metairie, for plaintiffs.
George J. Domas, Chery Kornick, New Orleans, for Wagner & Brown and False River, Ltd.
Patrick J. Hennessy, Shreveport, for Franks Petroleum, Inc.
Raymond Hoffman, Jr., New Orleans, for Meridian Oil, Inc. and Cairn Properties Ltd. Partnership.
Michael R. Mangham, Louis R. Davis, Lafayette, for Banner Petroleum and P.D. Sams.
Lee C. Kantrow, Baton Rouge, for Olin Corp.
A.J. Gray, III, Lake Charles, for J. Hiram Moore, Ltd.
Vernon L. Terrell, Jr., New Orleans, for Kaneb Exploration, Inc.
Gerald F. Slattery, New Orleans, for Conco, Inc.
Roy C. Cheatwood, Nancy Scott Degan, New Orleans, for Amoco Production.
Before FOIL, PITCHER and PARRO, JJ.
FOIL, Judge.
This is an appeal from the trial court's denial of plaintiffs' motion for class certification in this mineral royalty litigation. The trial court dismissed the action, but allowed plaintiffs thirty days after the judgment in which to amend their petitions and continue the litigation as an ordinary proceeding. We affirm.

FACTS
Plaintiffs/appellants are mineral lessors and royalty owners in the Moore-Sams Field in Pointe Coupee Parish. They leased their mineral interests to the defendant production companies ("producers"). The producers then dedicated plaintiffs' mineral leases to various long-term gas sales contracts under which the purchasers were obligated to purchase minimum quantities of natural gas at specified prices during the term of the contracts (commonly known as a "take-or-pay" agreement). In the 1980's, the purchasers breached their obligations under the "take-or-pay" clauses and the producers filed suits *1200 against them to enforce the contracts. These claims were ultimately settled and the producers received cash and/or other economic benefits. Plaintiffs claim that the producers did not pay royalties or share the proceeds received under those settlements with plaintiffs, their mineral lessors, in violation of the royalty clauses of the mineral leases and the provisions of the Louisiana Mineral Code.
Plaintiffs filed suit on their own behalf and on behalf of all similarly situated persons to obtain payment of the royalties improperly withheld by their working interest owners, the defendant producers, and for damages related to the same. They filed a motion to certify a class action, seeking to proceed as a class consisting of all mineral lessors and royalty owners in the Moore-Sams Field who leased their mineral rights to the defendant producers. After a hearing, the trial court denied plaintiffs' motion and this appeal followed.

CLASS ACTION
The basic requirements for a class action, established in La.Code Civ.P. arts. 591(1) and 592, are as follows:
1. A class so numerous that joinder is impracticable, and
2. The joinder as parties to the suit of one or more persons who are
(a) members of the class, and
(b) so situated as to provide adequate representation for absent members of the class, and
3. A "common character" among the rights of the representatives of the class and the absent members of the class.
McCastle v. Rollins Environmental Services of Louisiana, Inc., 456 So.2d 612, 616 (La. 1984). The trial court has great discretion in deciding whether a suit should be certified as a class action. Unless the trial court has committed manifest error, we must affirm. Brumfield v. Rollins Environmental Services (LA), Inc., 589 So.2d 35, 37-38 (La.App. 1st Cir.1991).
In the instant case, the trial court found in essence that, because of the many different contracts involved (mineral leases, gas purchase agreements and settlements), there are many different rights, remedies and defenses which are likewise involved. The court concluded that it would not be more efficient to try these disputes in a class action.
After reviewing the record, we cannot say the trial court committed manifest error in its holding. On the contrary, we are convinced that the reasons enunciated by the court are correct and we affirm, adopting the trial court's opinion as our own and attaching a copy hereto. All costs are assessed to appellants.
AFFIRMED.

APPENDIX

Martha Miller Stoute, et al.

versus

Wagner & Brown, et al.

Number 24,394 Division "C"

18th Judicial District Court Parish of Pointe Coupee State of Louisiana

OPINION ON CLASS CERTIFICATION
The named plaintiffs filed this suit seeking to form a class action. The defendants have all been involved in the production of gas from the Moore-Sams Field in Pointe Coupee Parish. All but one of the defendants sold this gas to Columbia through Gas Purchase and Sales Agreements. These agreements (GPSA's) led to litigation which resulted in settlements between Columbia and most of the defendants. The other defendant, Amoco, had a GPSA with Texas Gas. The plaintiffs want the class to include all royalty owners in the Moore-Sams Field who leased their mineral rights to the defendants. The plaintiffs are suing the defendants for royalties they feel are owed to them from the "take or pay" and "price differential" settlements that most of the defendants obtained from Columbia.
In order to use a class action, the plaintiffs must show that there are common characteristics among the class plaintiffs. In this case, many different mineral leases with varying terms were used by the mineral owners and *1201 the defendants. In turn, the defendants used different GPSA's when they contracted to sell the gas they produced. These different GPSA's led to different settlements between the gas producers and the gas purchasers. All of these different contracts mean that the defendants have varying defenses which they can use against individual royalty owners. The right of a royalty owner to sue for past royalties depends on the specific contract he or she has with his or her gas producer; therefore, the contracts between other parties should not be considered.
The royalty owners also have different remedies which they may seek for past due royalties. Some may want their leases canceled while others may want double royalties. If the class were certified, then all class members would be bound to the remedy chosen by the class representatives. It is not fair to force a remedy on a royalty owner who may wish to choose the other remedy.
Because of the different rights, remedies, and defenses among the parties, it would not be more efficient to try this as a class action. As a class action suit, the case would still be split into piecemeal litigation because every defendant would have to be given a chance to present a defense. Also, the owners of 36% of the mineral interests on the West Bank of False River have already filed suit. This proposed class would include those royalty owners even though they didn't feel the need to invoke a class action when they filed their suits. This same legal issue is already the subject of more than one suit so this class action would not stop re-litigation of the issue. Judge Edward N. Engolio had previously decided in this case that only those royalty owners who have written a demand for past royalties may sue their gas producers. There are only a few hundred royalty owners who have written this letter, therefore, there are a limited number of royalty owners who have the right to sue. They don't need the protection of a class action because they have already been notified of the possibility of collecting past royalties and most of them have retained counsel to pursue their claims. These royalty owners have hired different law firms and may not wish to be represented by the attorneys chosen to lead a class action. Those royalty owners who have not written demand letters were solicited by attorneys and informed of the possibility of litigation. They obviously have declined the opportunity to sue. It would be just as efficient for individual royalty owners to hire their own attorneys, file their own lawsuits, or join the lawsuits of other royalty owners, as it would be to certify a class then separate it into many trials and hearings.
For these reasons, a class action would be inappropriate and more burdensome to try. Therefore, the motion to certify a class is denied.
THIS OPINION IS WRITTEN DATED AND SIGNED in the 18th Judicial District, Parish of Iberville, Plaquemine, Louisiana on this 30 day of September, 1992.
 /s/ Thomas W. Tanner
 THOMAS W. TANNER
 JUDGEDIVISION "C"
 18TH JUDICIAL DISTRICT
 LOUISIANA

AMENDED OPINION ON CLASS CERTIFICATION
In accordance with Louisiana Code of Civil Procedure, Article 593.1(A) the Court is amending its original ruling. As plaintiffs' Motion for Class Certification was denied, the action was dismissed. However, the plaintiffs shall be given 30 days from date of judgment to amend their petitions to continue the suit as an ordinary proceeding.
THUS DONE AND ORDERED in the 18th Judicial District, Parish of Iberville, Plaquemine, Louisiana on this 20 day of November, 1992.
 /s/ Thomas W. Tanner
 THOMAS W. TANNER
 JUDGE AD HOCDIVISION "C"
 18TH JUDICIAL DISTRICT COURT
 LOUISIANA