**CHEVRON USA, INC.,**

v.

**VERMILION PARISH SCHOOL BOARD.**

Texaco, Inc., et al,

v.

Vermilion Parish School Board.

Amerada Hess Corp.,

v.

Vermilion Parish School Board.

Union Oil Co. of California,

v.

Vermilion Parish School Board.

Mobil Oil Corp., et al,

v.

Vermilion Parish School Board.

Exxon Mobil Corp.,

v.

Guidry.

Exxon Mobil Corp.,

v.

Vermilion Parish School Board.

Nos. CIV.A.00–0279, CIV.A.00–0281, CIV.A.00–0282, CIV.A.00–0295, CIV.A.00–0296, CIV.A.00–0297.

United States District Court, W.D. Louisiana, Lafayette–Opelousas Division.

April 16, 2003.

John M. Wilson, Cheryl M. Kornick, Jonathan A. Hunter, Liskow & Lewis, Joe B. Norman, Stevia M. Walther, Liskow & Lewis, Endya E. Delpit, Entergy Svcs. Inc., New Orleans, LA, Jeffrey M. Baudier, David R. Dugas, Caffery, Oubre, et al., Lawrence P. Simon, Jr., Charles B. Griffis, Liskow & Lewis, Howell A. Dennis, Jr., Lafayette, LA, William Seay Strain, Thomas C. McKowen, IV, Strain, Dennis, et al., Baton Rouge, LA, Gerri M. Fore, Exxon Co. U.S.A., Houston, TX, for plaintiffs.

Bob Forrest Wright, Domengeaux Wright et al, Lafayette, LA, Jules B LeBlanc, III, Charles S. Lambert, Jr., LeBlanc, Maples & Waddell, Baton Rouge, LA, Spencer Hosie, John B. McArthur, Hosie, Frost et al, San Francisco, CA, William F Large, Hosie, Frost et al, Anchorage, AK, Michael V. Ardoin, Robert K. Hammack, Lafayette, LA, Calvin E. Woodruff, Jr., Abbeville, LA, for defendants.

## MEMORANDUM RULING

MELANCON, District Judge.

Before the Court is Plaintiffs' Motion To Deny Class Certification and [alternative motion] For Partial Summary Judgment Dismissing Class Action Claims, filed by plaintiffs Chevron USA, Inc., Texaco, Inc., Amerada Hess Corporation, Union Oil Company of California, Mobil Oil Corporation and Exxon Mobil Corporation (hereinafter collectively referred to as "the Oil Companies") and opposition thereto filed by the Vermilion Parish School Board and Marshall W. Guidry (hereinafter referred to as "the Royalty Owners"). For the reasons that follow, the Oil Companies' motions will be granted.

1. The Court will not reiterate the facts underlying this case, which were set out in its January

### I. Procedural Background

These consolidated cases returned to this Court from appeal of the Royalty Owners of this Court's January 29, 2001 Memorandum Ruling granting a Motion For Partial Summary Judgment in favor of the Oil Companies.[1] *Chevron U.S.A. Inc. v. Vermilion Parish School Board, et al,* 128 F.Supp.2d 961 (W.D.La.2001). In its Memorandum Ruling, the Court held that the Royalty Owners could not make a royalty demand under Louisiana Mineral Code Article 137 on behalf of a class of unidentified royalty owners. This Court found, "[b]ecause Louisiana's highest court has not yet adjudicated the issue which is before the Court in the case at bar, it is this Court's task to determine 'to the best of its ability' how the Louisiana Supreme Court would rule if the issue were before it." *Id.* at 968–69. In making its *"Erie-*guess" the Court relied on the Louisiana Court of Appeal for the Third Circuit's decision in *Willis v. Franklin,* 420 So.2d 1243 (La.App. 3d Cir.1982) and the Louisiana Court of Appeal for the First Circuit's decision in *Stoute v. Wagner & Brown,* 637 So.2d 1199 (La.App. 1st Cir.1994) and held, "were the issue before the Louisiana Supreme Court, that Court would find the demand letters sent to the Oil Companies by the Royalty Owners did not constitute the required notice for the putative class and the contents of the letters did not give the Oil Companies sufficient notice of the nature of the claims of the putative class." *Chevron,* 128 F.Supp.2d at 969. The Court certified its decision as final under Federal Rule of Civil Procedure 54(b) and the Royalty Owners appealed. The United States Court of Appeals for the Fifth Circuit dismissed the appeal on July 11, 2002 [Rec. Doc. 54], stating that it lacked appellate jurisdiction under 28 U.S.C. § 1291, or, to the extent that the prior judgment was a denial of class certification, it lacked appellate jurisdiction under 28 U.S.C. § 1291(b) and Federal Rule of Civil Procedure 23(f) because the appeal had not been sought within ten days of the judgment. *Chevron U.S.A. Inc.,* 294 F.3d at 719–20. Based on the Fifth Circuit's dismissal, the Oil

29, 2001 Memorandum Ruling.

Companies now seek to have this Court hold that class action relief is unavailable by denying class certification and, alternatively, by granting partial summary judgment dismissing the class action claims. The Royalty Owners have filed an opposition to the Oil Companies' motions and have also filed a separate brief regarding their contentions as to the Court's duty under the *Erie* doctrine.[2]

## II. Summary Judgment Standard

A motion for summary judgment shall be granted if the pleadings, depositions, and affidavits submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56.* Once the movant produces such evidence, the burden shifts to the respondent to direct the attention of the court to evidence in the record sufficient to establish that there is a genuine issue of material fact requiring a trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The responding party may not rest on mere allegations made in the pleadings as a means of establishing a genuine issue worthy of trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If no issue of fact is presented and if the mover is entitled to judgment as a matter of law, the court is required to render the judgment prayed for. *Id.* Before it can find that there are no genuine issues of material fact, however, the court must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Id.*

## III. Analysis

The cross motions upon which the Court based its January 29, 2001 Memorandum Ruling and Judgment were based on the legal issue of whether the Royalty Owners' demand letters satisfied the written notice requirement of Article 137 of the Louisiana Mineral Code for the putative class. The Court held that "the demand letters sent to the Oil Companies by the Royalty Owners did not constitute the required notice for the putative class and the contents of the letters did not give the Oil Companies sufficient notice of the nature of the claims of the putative class", and thus, "class action relief is unavailable under such circumstances." *Chevron,* 128 F.Supp.2d at 969

▇ In their motions to deny class certification and to dismiss the class action claims, the Oil Companies assert that the Royalty Owners who are parties to this action do not have a substantive right to proceed judicially in a representative capacity because under this Court's prior ruling, the putative class they would represent does not have a right of action. The Oil Companies further assert that, while the current motions are based on the same underlying legal principles presented in the prior cross motions, they lead to a different procedural result—the denial and/or dismissal of claims—and thus address

---

2. In a status conference held on November 12, 2002, the Royalty Owners asserted that the Court failed to use the proper standard in making its "*Erie* guess" in its January 29, 2001 Memorandum Ruling. The Court invited the Royalty Owners to brief the standard applicable to the Court's duty to make an "*Erie* guess" if and only if, after reviewing the applicable jurisprudence, they determined that the Court had in fact used an incorrect standard in its January 29, 2001 Memorandum Ruling. The Royalty Owners filed a memorandum on the *Erie* Standard on November 22, 2002 [Rec. Doc. 74] and supplemented their memorandum on February 3, 2003 [Rec. Doc. 88]. After reviewing the Royalty Owners' memoranda, the Court is disappointed that counsel for the Royalty Owners chose to file their memorandum despite the specific instructions given to them at the November 12, 2002 status conference. The filing made by the Royalty Owners used the "spaghetti approach," i.e. heave the entire contents of the pot against the wall

and hope that something sticks. In its January 29, 2001 Ruling, the Court considered *all* applicable appellate court cases and based its decision on jurisprudence which remains in conflict with the decisions on which the Royalty Owners continue to rely as well as on the language of Article 137. See, *Rogers v. Corrosion Products, Inc.,* 42 F.3d 292, 295 (5th Cir.1995). Moreover, contrary to the Royalty Owners' asserted position, a writ denial by the Louisiana Supreme Court has no precedential value and does not indicate the Louisiana Supreme Court's adoption of the appellate court's reasoning. *Ehrlicher v. State Farm Ins. Co.,* 171 F.3d 212, 214 n. 1(5th Cir. 1999). This Court correctly construed the law regarding the "*Erie* guess" by considering *all* authority to which the Louisiana Supreme Court might look to decide the issue and by applying the clear and unambiguous provisions of Article 137. In actuality, it is the result of that application that Royalty Owners object to.

the jurisdictional concerns expressed by the Fifth Circuit in its dismissal of the Royalty Owners' appeal. The Royalty Owners argue that under the Fifth Circuit's directive, the Court must allow discovery and a certification hearing before it can determine whether or not the class action and the claims of the putative class members in this case should be approved or denied. The Court agrees with the Oil Companies. The motions before the Court do not address the merits of the dispute and do not call on the Court to resolve any issues underlying the merits of the complaint as it applies to either the Royalty Owners or the putative class. Nor do the motions require a ruling under Rule 23. Rather, the motions present the threshold issues of right of action and standing, which the Court must consider and properly dispose of under Rule 56. *See, Floyd v. Bowen,* 833 F.2d 529, 534–35 (5th Cir.1987) (Dispositive motions may be considered prior to ruling on a motion for class certification).[3]

### A. Motion To Deny Class Certification

The Oil Companies assert that the denial of class certification is proper in this instance because the Royalty Owners cannot meet their burden to establish their right to utilize a class action because the demand letters were not effective as to the class under Article 137 and the members of the putative class have no right of action under Article 137. Because Rule 23 must be interpreted and applied to give effect to the substantive notice requirements of Article 137, a class action under Rule 23 cannot be maintained. The Oil Companies further assert that the Vermilion Parish School Board is not an adequate class representative because it lacks the legal capacity to serve as such, and therefore, the School Board's counter-claims for class action should be denied.

#### 1. Article 137

 "[A] mineral lessor does not have a right of action to judicially complain of the failure of his lessee to make timely or proper payments of royalties until he gives written notice of such failure [under Article 137]. The notice requirements set forth in LSA–R.S. 31:137 [Article 137] are an indispensable prerequisite to a judicial demand for dissolution of the lease or damages." *Rivers v. Sun Exploration and Production Co.,* 559 So.2d 963, 969 (La.App. 2nd Cir.1990). Based on *Rivers, Willis* and *Stoute*[4], as well as the "clear and unambiguous" language of Article 137 of the Louisiana Mineral Code, the Court held in its January 29, 2001 Memorandum Ruling that, "[t]he Royalty Owners' Demand Letters are legally insufficient to serve as written notice on behalf of unnamed royalty owners under Article 137." *Chevron,* 128 F.Supp.2d at 967. The Court therefore held that the putative plaintiffs would have no right of action under Article 137. Despite the Court's ruling on the putative class members, the Royalty Owners assert that the Court should apply Rule 23 and determine whether or not their proposed class action should be certified. The creation of such a substantive right under Rule 23 would be inconsistent with the individual notice requirements of Article 137 as determined by the Court in its January 29, 2001 Ruling. *Berger v. Compaq Computer Corp.,* 257 F.3d 475, 483 (5th Cir.2001) ("[R]ule 23 is to be interpreted to accommodate the substantive policies of the governing statute"). Moreover, to allow the certification of a class action under the facts of this case would result in Rule 23 supplying a substantive right where one is now lacking, and such a result is prohibited by the Rules Enabling Act, Title 28 of the United States Code section 2072(b). 28 U.S.C. § 2072(b)("Such rules [of procedure] shall not abridge, enlarge or modify any substantive right."); *Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 612, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997)("Rule 23's requirements must be interpreted in keeping with Article III constraints, and with the Rules Enabling Act").

---

**3.** Further, to undertake the required class certification analysis "when the underlying claim is without merit is to promote inefficiency for its own sake." *Marx v. Centran Corp.,* 747 F.2d 1536, 1552 (6th Cir.1984) (citing *Jacobs v. Gromatsky,* 494 F.2d 513, 514 (5th Cir.1974)).

**4.** *Willis v. Franklin,* 420 So.2d 1243 (La.App. 3d Cir.1982); *Stoute v. Wagner & Brown,* 637 So.2d 1199 (La.App. 1st Cir.1994).

Because the putative class members have no right of action under Article 137 and applying Rule 23 would create a substantive right in contravention of Article 137, the class certification must be denied.[5] *See, LaChapelle v. Owens–Illinois, Inc.,* 513 F.2d 286 (5th Cir. 1975).

### 2. The School Board's legal capacity as a class representative [6]

■ Alternatively, the Oil Companies assert that the School Board's implied powers are limited to authority that is necessarily incidental to the performance of their statutory duties, that is, the furtherance of public education. Because the instant claims of the putative plaintiffs involve the protection of private mineral rights, the Oil Company argue that the School Board lacks the legal capacity to serve as a representative of a class of private persons seeking to recover alleged royalty underpayments, and therefore, cannot meet the adequacy of representation requirement of Rule 23.[7] The Oil Companies cite the *Board of Education of Township High School District No. 214 v. Climatemp, Inc.,* 91 F.R.D. 245 (N.D.Ill. 1981), to demonstrate that a school board cannot adequately represent a class of private persons under Rule 23 if the school board is not authorized to do so under the governing state law. In *Climatemp,* five Chicago-area school districts filed a class action antitrust suit against various sheet metal companies alleging bid rigging. In holding that the school districts could not adequately represent the proposed class, the *Climatemp* court stated that the school districts had "not shown any relation between their educational purpose and this lawsuit on behalf of private purchasers," and that "[t]he welfare of private purchasers is far beyond the legitimate, educational concerns of school boards." *Id.* at 250. The Royalty Owners argue that, unlike the school districts in *Climatemp,* the School Board seeks the recovery of "underpaid gas royalties from the sixteenth section lands it administers; these minerals revenues are a significant portion of the funds used by the School Board to educate the children" and that the "ability of the School Board to educate children would be adversely impacted" by the underpayment of such revenues.

■ The powers of Louisiana school boards are limited by the Louisiana State Constitution and that state's statutes. LA. CONST. art. VIII; La. R.S. 17:51–151. Article VIII, Education, of the Louisiana Constitution Preamble states, "[t]he goal of the public educational system is to provide learning environments and experiences, at all stages of human development, that are humane, just, and designed to promote excellence in order that every individual may be afforded an equal opportunity to develop to his full potential." LA CONST Preamble. "School boards possess only delegated powers defined by statutes and are not free to act as individuals and can do no act beyond the special powers defined by statutes and are not free to act as individuals and can do no act beyond the special powers delegated to them." *Ellis v. Acadia Parish School Board,* 211 La. 29, 29 So.2d 461, 464 (1946). A school board's implied powers are limited to authority that is necessarily incidental to the performance of their statutory duties. *Louisiana Associated General Contractors, Inc. v. Calcasieu Parish School Board,* 586 So.2d 1354, 1361 (La.1991).

---

**5.** As the Court has determined that the Royalty Owners' purported demands on behalf of the putative class members were ineffective under Article 137 as a matter of law, no amount of discovery could provide the Royalty Owners with proof of an entitlement to certify a class. *Stewart v. Winter,* 669 F.2d 328, 331 (5th Cir.1982)(denial of discovery proper where the decision on certification of the class can properly be made upon information afforded by the pleadings).

**6.** The Vermilion Parish School Board is the purported class representative in all but one of these consolidated cases.

**7.** "The four rule 23(a) requirements are: (1) numerosity (a class so large that joinder of all members is impracticable); (2) commonality (questions of law or fact common to the class); (3) typicality (named parties' claims or defenses are typical of the class); and (4) adequacy of representation (representatives will fairly and adequately protect the interests of the class)." *O'Sullivan v. Countrywide Home Loans, Inc.,* 319 F.3d 732, 738 (5th Cir.2003).

Clearly, Louisiana school boards have the capacity to bring an action on their own behalf. LA R.S. 17:51 ("There shall be a parish school board for each of the parishes, and these several parish school boards are constituted bodies corporate with power to sue."). The Oil Companies do not contest the School Board's ability to individually pursue its own asserted royalty claims in "the sixteenth section lands" of Vermilion Parish. Rather, what is at issue is whether or not the School Board has the capacity to serve as class representative to pursue the royalty claims of individuals which are unrelated to and detached from those of the School Board, in parishes other than Vermilion Parish. While the School Board would benefit from securing greater returns from the mineral development of its own interests in "the sixteenth section lands" of Vermilion Parish, it would not share in the recovery of any royalty claims of the putative plaintiffs since their mineral interests are unrelated to those of the School Board. As the protection of private mineral royalty interests statewide has no relationship to the School Board's delegated powers and in no way furthers its educational goals, the School Board has no legal capacity to serve as representative of the proposed class of royalty owners.

The Court will grant the Oil Companies' motion to deny class certification as to the Vermilion Parish School Board and as to Marshall W. Guidry because the members of the putative class which they seek to represent have no right of action under Article 137, and therefore, a class action under Rule 23 cannot be maintained. The Court further finds that the Vermilion Parish School Board lacks the legal authority to serve as representative on behalf of the putative plaintiffs in the proposed class actions *sub judice.*

### B. Alternative Motion for Partial Summary Judgment

The Oil Companies submit that in addition to the motion to deny class certification, their alternative Rule 56 motion for partial summary judgment is warranted and is appropriate to dispose of the Royalty Owner's class action claims. *Floyd v. Bowen,* 833 F.2d 529, 534 (5th Cir.1987)("[T]he class action litigation may be halted by a Rule 12 motion to dismiss or by a Rule 56 motion for summary judgment"). While the Court has indicated that it will deny class certification and the School Board and Marshall W. Guidry may proceed only on their own behalf, in light of the Fifth Circuit's stated concern regarding the procedural posture of this action, the Court will also address the Oil Companies' alternative Rule 56 motion.

■ The Oil Companies assert that the only facts essential to their motion for partial summary judgment are the Royalty Owners' failed attempts to meet the Mineral Code's mandatory pre-litigation demand requirement under Article 137 on behalf of the unnamed class members. As a result, the Oil Companies argue that the School Board's and Guidry's class action claims should be dismissed because: "(a) the Royalty Owners do not themselves possess an individual substantive right to prosecute the claims of the putative class in a representative capacity; and (b) as a corollary to that, the Royalty Owners do not have statutory standing under Article 137 to prosecute the claims of the putative class."

■ In its January 29, 2001 Memorandum Ruling, this Court held that the Royalty Owners' demands were not effective as to the members of the putative class as required by Article 137. *Chevron,* 128 F.Supp.2d at 969. It is undisputed that the Court's January 29, 2001 ruling continues to govern this issue as the law of the case. *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 816, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988)("when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."). The issue before the Court in the Oil Companies' alternative motion for partial summary judgment is whether, under the Court's prior ruling, the named royalty owners, the Vermilion Parish School Board and Marshall W. Guidry, have a substantive right to prosecute the royalty claims of a class of royalty owners who are not identified individually in the demand letters. Based on this Court January 29, 2001 ruling that the demands were invalid as to the putative class members, it is clear that the Royalty Owners

cannot assert those claims for the putative class members as purported class representatives. For the same reasons, the Court holds further that the Royalty Owners cannot make a judicial demand in this case on behalf of the putative class members who do not have statutory standing under Article 137. As the Court has held that the putative class member's have failed to satisfy the statutory notice prerequisite, they do not have a right of action under Article 137, and therefore, they lack statutory standing to make a judicial demand upon the Oil Companies. *See, In re Pointer,* 952 F.2d 82, 87–88 (5th Cir.1992). The putative class members have no standing to pursue claims under Article 137 and the Royalty Owners cannot pursue the putative class member's claims in a representative capacity. *See generally* 7B Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure ("Wright & Miller") § 1785.1 (1986) (Each class member must have standing to bring the suit in his own right). To permit the Royalty Owners to assert a class action on behalf of the putative class members would constitute an impermissible boot strapping of the Royalty Owners' standing to assert claims for the putative class, who otherwise lack statutory standing under Article 137. *See, Brown v. Sibley,* 650 F.2d 760, 771 (5th Cir.1981)("Standing cannot be acquired through the back door of a class action.").

As the putative class members have neither a right of action nor statutory standing, the Royalty Owners cannot pursue the class members' claims and the Oil Companies would be entitled to relief under Rule 56 if their motion to deny class certification had not otherwise been granted.

### Conclusion

The Court finds that class certification should be denied in this case, based on the Court's January 29, 2001 ruling that the demand letters were not effective under Article 137 as to the putative class and the members of the putative class have no right of action under Article 137. The Court further finds that, on the record before it, the Vermilion Parish School Board lacks the legal capacity to serve as representative on behalf of the putative class members named in the School Board's proposed class actions. Were they not otherwise entitled to relief, the Oil Companies' motion for partial summary judgment would be granted as the Royalty Owners are unable to act as class representatives for, or make a judicial demand on behalf of the putative plaintiffs, who have neither a right of action nor statutory standing in this action.