714 So.2d 1288 (1998)
NAB NAT. RESOURCES, L.L.C., Plaintiff-Appellant,
v.
John D. CARUTHERS, Jr., et al., Defendants-Appellees.
No. 30649-CA.
Court of Appeal of Louisiana, Second Circuit.
July 6, 1998.
Rehearing Denied August 13, 1998.
*1289 Harry R. Nelson, Shreveport, for Plaintiff-Appellant.
F. Drake Lee, Jr., Shreveport, for Defendants-Appellees, John D. Caruthers, Jr., Jeems Bayou Production Corporation, Cypress Operating, Inc., and KCS Medallion Resources, Inc.
William T. Allen, Shreveport, for Defendants-Appellees Texaco, Inc. and Marathon Oil Company.
Hugh M. Stephens, Shreveport, for Defendant-Appellee C.L. Morris, Inc.
Before WILLIAMS, STEWART and PEATROSS, JJ.
WILLIAMS, Judge.
The plaintiff, Nab Nat. Resources, L.L.C. ("Nab Nat."), appeals a judgment denying its motions to reconsider the recall of an ex parte class certification and to certify the proceeding as a class action. For the following reasons, we affirm.

FACTS
The plaintiff is the successor in title to a portion of the lessor's interest under a 1945 mineral lease from F.B. King, as lessor, to The Texas Company as lessee ("1945 King Lease"), and a 1946 lease from King to The Texas Company ("1946 King Lease"). The defendants, John Caruthers, Jr. ("Caruthers"), Jeems Bayou Production Corporation ("Jeems Bayou"), KCS Medallion Resources, Inc. ("Medallion"), Cypress Operating, Inc. ("Cypress") and Willow Springs Production, Inc. ("Willow Springs"), are successors in title to some of the lessee's interest under the 1945 and 1946 King Leases. Willow Springs was subsequently dismissed from this action pursuant to an agreement with the plaintiff.
In June 1959, by Unit Agreement, the West Lisbon Pettit Lime Unit ("WLPLU") was created for the drilling and production of oil and natural gas in the Pettit Lime Zone of the West Lisbon Field. The WLPLU Agreement was approved by the Louisiana Department of Conservation. The land subject to the King leases is located within the WLPLU, in Claiborne Parish, Louisiana.
Plaintiff filed its original petition for damages against the defendants in June 1996, alleging that oil production in paying quantities had ceased and operations to extend the King Leases had not been timely conducted. In its prayer for relief, plaintiff requested a judgment declaring that the 1945 and 1946 King Leases and the WLPLU had lapsed. Plaintiff later amended its petition to add as defendants, C.L. Morris, Inc., Texaco, Inc. and Marathon Oil Company. The defendants did not file an answer, but filed peremptory exceptions of nonjoinder of parties and prescription.
The district court overruled defendants' exception of prescription, sustained the exception of nonjoinder and granted plaintiff a period of 180 days in which to file a curative amendment joining as parties all persons, other than plaintiff, who own the remaining undivided interest in the minerals affected by the 1945-46 King leases, all persons other than defendants who own the remaining undivided leasehold interest, and all persons who currently own, or have owned, minerals in the geographic boundary of the WLPLU. Plaintiff sought supervisory review in this court, which denied plaintiff's writ application, finding that the trial court was not in error pursuant to LSA-C.C.P. art. 1880, which provides that all persons whose interest would be affected by the declaratory relief sought shall be made parties. Nab Nat. Resources v. Caruthers, 29,546 (La. App.2d Cir. 1/23/97).
Plaintiff filed an "Amendment to the Pleadings," along with a proposed order, seeking to convert the proceeding to a class action and alleging that the interested persons were so numerous that it was impracticable to join them as parties. The district *1290 judge signed the order converting the case to a class action, without holding a certification hearing. Defendants filed a motion to recall the ex parte class certification on the grounds that a contradictory hearing was not held. Subsequently, the district court granted the motion to recall the class certification.
Plaintiff filed a motion to reconsider the recall of the class certification, or in the alternative, to certify the proceeding as a class action. The district judge declined to reconsider the order recalling the ex parte class certification and denied plaintiff's motion to certify the proceeding as a class action. The district court found that plaintiff had failed to satisfy its burden of proving that it could adequately represent absent members, or that there was a common character between plaintiff's rights and those of other class members. Plaintiff appeals this judgment.

DISCUSSION
The plaintiff contends the trial court erred in denying its motion to reconsider the order recalling the prior ex parte class certification. Plaintiff argues that a pre-certification hearing was not required.
In the process of class certification, or at any time before a decision on the merits, the court may alter, amend or recall its certification of the class action. LSA-C.C.P. art. 593.1(B).[1] The district court has great discretion in deciding whether a proceeding should be certified as a class action. Stoute v. Wagner & Brown, 93-1207 (La.App. 1st Cir. 5/20/94), 637 So.2d 1199.
The plaintiff cites Cotton v. Gaylord Container, 96-1958 (La.App. 1st Cir. 3/27/97), 691 So.2d 760, writ denied, 97-0800 (La.4/8/97), 693 So.2d 147, to support its position that the district court could certify a proceeding as a class action without a prior hearing. However, in Cotton, supra, the court also stated that conclusory allegations of a pleading are insufficient to establish the existence of a class, and found that the district court abused its discretion in ordering class certification without a hearing because the evidence in the record was insufficient. Here, the district judge considered plaintiff's pleading and affidavits, and found that the evidence did not support the ex parte class certification. After reviewing the record, we cannot say the district court abused its discretion in denying the motion to reconsider the recall of the order certifying the proceeding as a class action. The assignment of error lacks merit.
The plaintiff contends the trial court erred in considering the defendants' motion to recall certification without prior notice to all class members. A class action shall not be dismissed or compromised without the approval of the court. Notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs. LSA-C.C.P. art. 594. Here, the defendants' motion to recall the order certifying a class action challenged the validity of the ex parte certification itself. Thus, the motion did not constitute a "proposed dismissal or compromise" of the class action requiring notice under Article 594. The assigned error lacks merit.
In its brief, the plaintiff argues that joinder of additional parties is not necessary because an amendment of the petition deleted the request for a declaration that the WLPLU has lapsed, and because application of the terms of the King Leases means that all co-lessees are solidary obligors. However, we note that the plaintiff's amended petition retains a request for a judgment declaring that the King Leases have lapsed. Such a termination of the leases would involve more than enforcing a joint right against co-lessees. In addition, the validity of the co-lessors' interests under the leases would be affected. Thus, as previously stated by this court, absent a class action, joinder of those parties affected by the relief sought is required pursuant to Article 1880. Plaintiff's arguments lack merit.

*1291 Class Certification

The plaintiff contends the trial court erred in denying the motion for class certification. Plaintiff argues that joining the numerous interested persons is impracticable and that the named parties have common interests to those of absent class members.
In order to maintain a class action, a party must establish the following criteria: (1) a class so numerous that joinder is impracticable; (2) the joinder as parties to the suit one or more persons who are members of the class so situated as to adequately represent absent class members; and (3) a "common character" among the rights of the class representative and the absent members of the class. LSA-C.C.P. arts. 591 and 592; McCastle v. Rollins Environmental Services of Louisiana, Inc., 456 So.2d 612 (La.1984). All three of these elements must be satisfied in order to certify a class action. The initial burden of proof is on the plaintiff seeking to maintain a class action. Dumas v. Angus Chemical Co., 25,632 (La.App.2d Cir. 3/30/94), 635 So.2d 446, writ denied, 94-1120 (La.6/24/94), 640 So.2d 1349.
The "adequacy of representation" requirement is meant to ensure that the absent class members are properly represented. It requires that the claims of the class representative be typical of the claims of all class members. Dumas, supra. In its original and amended petitions, plaintiff seeks a judgment finding that the 1945 and 1946 King Leases have lapsed because of insufficient oil production, and claims damages for restoration of land, trespass and mental anguish.
The plaintiff's claims are presented in its amended petition and were stated by its counsel at the hearing. However, the plaintiff did not offer the testimony, a proof of claim, an affidavit or a deposition from any absent claimant to establish that plaintiff's claims are typical of those of other class members. Consequently, the record does not contain sufficient evidence to conclude that plaintiff is similarly situated to absent class members. Thus, we cannot say the trial court was clearly wrong in finding that plaintiff failed to satisfy its burden of proving that it could adequately represent absent members of the class.
In order to satisfy the "common character of rights" element, the plaintiff must establish that questions of law or fact common to the members of the class predominate over any questions affecting only individual members. This requirement restricts class action certification to those cases in which it would achieve economies of time, effort and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness. Dumas, supra.
In the present case, plaintiff urges that the issues of fact and law as to the lapse of the King Leases are common to the class members. Thus, plaintiff impliedly assumes that its position conforms to that of the other lessors who derive their rights from the leases. However, plaintiff has not shown evidence indicating that these lessors necessarily share the same interest in terminating the King Leases. While some absent members may agree with plaintiff's position, others may not deem termination as desirable, but may instead seek to collect any payments due under the leases.
The record does not indicate that any other mineral owner or lessor has joined the litigation or filed a separate similar claim against the named defendants, despite plaintiff's letter notifying potential parties of the proceeding. Plaintiff's counsel, in an affidavit, states that in response to the letter to landowners, he received a "communication of support" from several named individuals. However, plaintiff did not present any affidavits or proofs of claim to show a common character among the rights which may be asserted by these persons and plaintiff.
Based upon this record, we must conclude that the plaintiff failed to establish that questions of law or fact common to the members of the class predominate over any issues affecting only individual members. Therefore, we cannot say the trial court abused its discretion in concluding that certification of the proceeding as a class action was not *1292 appropriate. The assignment of error lacks merit.

CONCLUSION
For the foregoing reasons, the trial court's judgment is affirmed. Costs of this appeal are assessed to the plaintiff, Nab Nat. Resources, L.L.C.
AFFIRMED.

APPLICATION FOR REHEARING
Before MARVIN, C.J., and BROWN, WILLIAMS, STEWART and PEATROSS, JJ.
Rehearing denied.
NOTES
[1] Article 593.1 was repealed by Acts 1997, No. 839, effective July 1, 1997. The provision now appears at LSA-C.C.P. art. 592 A(3)(c).