722 So.2d 985 (1998)
Michael VARDAMAN, Teresa Anshus, Lynne Grunauer, et al.
v.
AIROSOL CO., INC., Sumitomo Chemical America Inc., McLaughlin Gormley King Co., Glaxo Wellcome Co., and Burroughs Wellcome Foundation Limited.
No. 98-C-1740.
Supreme Court of Louisiana.
November 6, 1998.
*986 PER CURIAM.[*]
This writ is granted solely to consider the correctness of the appellate court's rulings on the issues of personal jurisdiction and class certification. Finding legal error on both of those issues, we reverse.
Plaintiffs filed this suit both individually and as representatives of a class, and no hearing was ever held on the issue of class certification. The multiple defendants filed a plethora of declinatory, dilatory, and peremptory exceptions, but none of the defendants who are currently before this court filed a declinatory exception of lack of personal jurisdiction.
The trial judge found that there was no subject matter jurisdiction. The appellate court reversed on this issue, but held that the plaintiffs could not maintain a national class action under Ford v. Murphy Oil U.S.A., Inc., 96-2913 (La.9/9/97), 703 So.2d 542, as their claims arose from use of more than one insecticide in different aircraft under different circumstances over an extended period of time, and were not the result of a single incident. The appellate court also remanded the case for a hearing to determine whether there was personal jurisdiction over the remaining defendants. Both of these decisions represent legal error on the part of the appellate court.
"All objections which may be raised through the declinatory exception, except the court's lack of jurisdiction over the subject matter of the action, are waived unless pleaded therein." La.Code Civ. Proc. Art 925(C). See also La.Code Civ. Proc. Art. 6 ("Jurisdiction over the person ... must be based upon:... (3) the waiver of objection to jurisdiction by failure to timely file the declinatory exception.") Thus, all declinatory exceptions must be pleaded at the same time; if a party pleads certain declinatory exceptions and not others, those that are not pleaded are forever waived. Although these defendants filed many exceptions in the trial court, they did not plead the declinatory exception of lack of personal jurisdiction. Because the defendants did not plead the declinatory exception of lack of personal jurisdiction at the same time that they pleaded their other exceptions, that exception is waived and cannot be revived by the appellate court. Thus, the appellate court committed legal error in remanding the case to the trial court for a hearing on the issue of personal jurisdiction.
Certain preliminary steps must be taken before a class may be certified. The party who wishes to have a class certified must make a motion for class certification. La.Code Civ. Proc. Art. 592. The trial court must then have a hearing on the issue of *987 whether class certification is appropriate. Id. In this case, no such hearing was held before the appellate court ruled on the appropriateness of class certification. Because the law requires this hearing prior to a decision on the issue of class certification, the appellate court's decision to rule on the appropriateness of class certification was legal error. Thus, the appellate court's ruling on the issue of class certification is overruled, and this case is remanded to the trial court for a hearing on the issue of whether class certification is appropriate.
Accordingly, the case is reversed and remanded to the trial court for a hearing on the issue of class certification.
NOTES
[*] Traylor, J., not on panel. See Rule IV, Part 2, § 3.