# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT


**05-332**


HEATHER ROBERSON

VERSUS

TOWN OF POLLOCK

**********

APPEAL FROM THE
THIRTY-FIFTH JUDICIAL DISTRICT COURT
PARISH OF GRANT, NO. 12950
HONORABLE ALLEN A. KRAKE, DISTRICT JUDGE

**********

**SYLVIA R. COOKS**
**JUDGE**

**********

Court composed of Sylvia R. Cooks, Oswald A. Decuir, and Marc T. Amy, Judges.

Amy, J., dissents and assigns reasons.

**AFFIRMED.**

**Philip G. Hunter**
**Hunter & Morton**
**Post Office Box 11710**
**Alexandria, LA 71315-1710**
**(318) 487-1997**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Heather Roberson**

**Robert L. Kennedy**
**352 Main Street**
**Colfax, LA 71417**
**(318) 627-3255**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Heather Roberson**

**Victoria R. Murry**
**Johnson and Siebeneicher**
**Post Office Box 648**
**Alexandria, LA   71309**
**(318) 484-3911**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Heather Roberson**

**Randall B. Keiser**
**Keiser Law Firm**
**Post Office Box 12358**
**Alexandria, LA   71315**
**(318) 443-6168**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Town of Pollock**

**COOKS, Judge.**

The plaintiff, Heather Roberson, sought certification of a class action for the purposes of recovering fines paid to the Town of Pollock for traffic violations occurring on a portion of U.S. Highway 165 subsequently found to not be part of the Town. The trial court granted the certification and denied several peremptory exceptions filed by the Town. The Town appeals. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

In December 1995, the Town of Pollock annexed a portion of U.S. Highway 165 into its corporate limits. On November 4, 1998, Heather Roberson received a traffic citation for failure to stop for a school bus on that portion of Highway 165. The plaintiff paid the fine of $260.00. Subsequently, the annexation ordinance was found by this court to have been improperly enacted and was, therefore, null and void *ab initio*. *See Kennedy v. Town of Georgetown*, 99-468 (La.App. 3 Cir. 10/13/99), 746 So.2d 663; *Garza v. Town of Pollock*, 99-469 (La.App. 3 Cir. 10/13/99), 746 So.2d 665.

On January 13, 1999, the plaintiff filed suit seeking damages for the Town of Pollock issuing traffic citations to motorists who were traveling on those parts of Highway 165 that were never properly part of the Town of Pollock. Plaintiff specifically sought to set aside all convictions issued on the subject highway, and sought an order requiring that: (1) notice be given to the Louisiana Department of Public Safety and Corrections that the convictions had been set aside; (2) to refund the fines paid by all individuals who were improperly issued citations and arrested under the ordinance from December 4, 1995 until the present; (3) sought legal interest thereon; and (4) payment of expenses of litigation, including attorney fees and costs

of court.  The plaintiff listed the Town of Pollock as the defendant.  The plaintiff later filed a Motion to Certify Case as Class Action.

The Town of Pollock filed exceptions of no cause of action, no right of action, and improper use of class action proceeding.  The Town of Pollock also filed an alternative exception of non-joinder of a party and an alternative request for declaratory judgment regarding the "constitutionality of Acts 1997, Number 1304, Amending LSA-R.S. 33:180."  The plaintiff filed a motion to strike the request for declaratory judgment, asserting that the issue presented therein was *res judicata* pursuant to the *Garza* ruling.

Following a hearing, the trial court granted the motion to certify as a class action, and denied the exceptions of no cause of action, no right of action, and non-joinder of a party.  The trial court also granted the plaintiff's motion to strike the declaratory judgment as *res judicata*.

The Town of Pollock appeals, assigning the following as error:

(1)    The Trial Court erred in denying the Peremptory Exception of No Cause of Action, as the relief prayed for in the petition amounts to an impermissible collateral attack on a criminal proceeding.

(2)    The Trial Court erred in holding that the Alternative Request for Declaratory Judgment of Acts 1997, No. 1304 requested herein is precluded by *res judicata* based on *Garza v. Pollock*.

(3)    The Trial Court erred in denying the Peremptory Exception of Nonjoinder.

(4)    The Trial Court erred in certifying this matter as a class action without a "certification hearing" required by La. C.C.P. art. 592.

(5)    The Trial Court erred in denying the Peremptory Exception of Improper Use of a Class Proceeding, as the elements required for class certification in La.Code Civ.P. art. 591 were not satisfied.

2

## ANALYSIS

*I.    No Cause of Action.*

An appellate court considers the trial court's ruling on an exception of no cause of action *de novo* as the question presented is one of law. *Ramey v. Decaire*, 03-1299 (La. 3/19/04), 869 So.2d 114. In doing so, the court must consider, in the light most favorable to the plaintiff, whether the petition alleges any valid cause of relief. *Id.* All doubts must be resolved in the plaintiff's favor. *Id.*

In this assignment of error, the Town of Pollock specifically argues plaintiff's petition seeks a reversal of a conviction and is, therefore, an impermissible collateral attack on a criminal conviction. The trial court found no merit in this assertion, and stated as follows:

> The plaintiff in this case is not attempting to collaterally attack a criminal conviction, or to set aside a criminal plea to a misdemeanor as a matter of post-conviction relief. The court believes however, that this plaintiff is attempting to take the only recourse that is available to her in such a matter involving an ordinance that has been deemed null and void. The plaintiff is not attempting to appeal her plea, which was recognized by the paying of her "fine" of $260.00, which stemmed from her receiving a "Louisiana Initial Report / Complaint Affidavit" from a law enforcement officer for the Town of Pollock, but rather is trying to seek a civil remedy based on the results from the original ruling of the court. See *Garza*. The plaintiff alleges that the defendant had no authority to issue such a writing, and further seeks a reimbursement of related expenditures and other personal damages.
>
> The court finds that the plaintiff has taken the proper recourse as to her alleged tort and so be it that defendant's Peremptory Exception of No Right of Action is denied.

The Town contends the propriety of the plaintiff's conviction of the traffic offense could have been raised at the trial level and on direct review. *See* La.Code Crim.P. art. 912.1(C)(1); Uniform Rules - Courts of Appeal, Rule 4-3. Instead, by paying the fine, The Town argues plaintiff waived the opportunity to raise the type

of objection to the ordinance that was later considered by the court in the *Kennedy* and *Garza* matters. We disagree.

In *Kennedy* and *Garza* this court declared the annexation in question void *ab initio*. When an act is declared void *ab initio* it has no legal effect whatsoever. *Smith v. Lincoln Parish Police Jury*, 327 So.2d 641, 644 (La.App. 2 Cir. 1976) (quoting *Flournoy v. First Nat. Bank of Shreveport*, 197 La. 1067, 3 So.2d 244 (La.1941)). Thus, the Town had no jurisdiction and no authority to issue the citations and collect any fines. To hold plaintiff has waived her rights by paying a fine to a Town that had no right to collect it violates the most elementary principle of constitutional law, *i.e.*, due process mandates that a person cannot be denied property or life based on acts in contravention of state or federal law. The Town characterizes plaintiff's action in this case as an "*impermissible* collateral attack on a criminal conviction." In reality, the *only thing impermissible* in this matter was the Town's action in annexing the subject portion of the highway into its corporate limits. The trial court correctly denied the Town's peremptory exception of No Cause of Action.

II. *Res Judicata.*

In this assignment of error, the Town contends the trial court erred in its determination that *res judicata* prevents the determination of the constitutionality of Acts 1997, No. 1304. It argues "the parties in *Garza* and *Kennedy* are not the same, and the issue of the Constitutionality of the statute has never been considered."

In *Kennedy*, we specifically declined to consider the constitutionality of Acts 1997, No. 1304 because the annexations predated the act. As plaintiff's cause of action arises out of the same transaction or occurrence that was at issue in *Kennedy*

4

and *Garza*, the Town is prohibited from relitigating the issue of the constitutionality of Acts 1997, No. 1304.

*III.    Peremptory Exception of Non-Joinder.*

The Town argues the plaintiff was required to join the Louisiana Department of Public Safety as an additional defendant. We find the trial court correctly denied the defendant's peremptory exception of non-joinder of a party, stating as follows:

> The Town of Pollock is the only body responsible for the issuance of any "Louisiana Initial Report/Complaint Affidavit" within its alleged jurisdiction. The adjudication is only done through the Mayor's Court for the Town of Pollock.
>
> The defendant claims that Louisiana Department of Public safety should be compelled to be joined in this action. This court is holding that such agency for the State of Louisiana is not required to be joined under the guidelines for compulsory joinder of parties under the Louisiana Code of Civil Procedure.
>
> The plaintiff has neither sought relief from the State nor has asked the State to take any action, but rather that the State be duly notified of any judgment rendered in this case. Accordingly, the State is not a party to this action.

*IV.    Certification as Class Action.*

The Town argues the trial court erred in certifying the matter as a class action without a "certification hearing" as required by La.Code Civ.P. art. 592. It also contends the trial court erred in denying the peremptory exception of Improper Use of a Class Proceeding because the elements required for class certification in La.Code Civ.P. art. 591 were not present.

Plaintiff contends a certification hearing is not required on a motion to certify a class, as long as the opposing party is given the opportunity to attack and argue against class certification. *See Carr v. GAF, Inc.*, 97-838 (La.App. 1 Cir. 4/8/98), 711 So.2d 802. Further, plaintiff argues the trial court may exercise its discretion and

proceed without a hearing on the class certification unless it deems that additional information is necessary. *See Cotton v. Gaylord Container*, 96-1958, 96-2029, 96-2049 (La.App. 1 Cir. 3/27/97), 691 So.2d 760.

The Town notes that *Carr* and *Cotton* were decided under the pre-amended version of La.Code Civ.P. art. 592, which at that time read, in its entirety, as follows:

> One or more members of a class, who will fairly insure the adequate representation of all members, may sue or be sued in a class action on behalf of all members.

However, the Town correctly points out La.Code Civ.P. art. 592 was amended by Acts, 1997, No. 839, to change the provisions requiring a hearing. Specifically, subsection (3)(a) provides:

> (3)(a) No motion to certify an action as a class action shall be granted prior to a hearing on the motion. . . .

In further support of its argument the Town cites *Vardaman v. Airosol Co.*, 98-1740 (La. 11/6/98), 722 So.2d 985. In *Vardaman*, the court stated as follows:

> Certain preliminary steps must be taken before a class may be certified. The party who wishes to have a class certified must make a motion for class certification. La.Code Civ. Proc. Art. 592. The trial court must then have a hearing on the issue of whether class certification is appropriate. *Id*. In this case, no such hearing was held before the appellate court ruled on the appropriateness of class certification. Because the law requires this hearing prior to a decision on the issue of class certification, the appellate court's decision to rule on the appropriateness of class certification was legal error. Thus, the appellate court's ruling on the issue of class certification is overruled, and this case is remanded to the trial court for a hearing on the issue of whether class certification is appropriate.

*Id*. at 986-987.

The procedural facts in *Vardaman* are different from those presented here. In *Vardaman*, the court rendered a ruling on certifying a class without the trial court first having opportunity to conduct a hearing on the appropriateness of the at issue class

6

certification. In the present case, there was a hearing on defendant's Exception of Improper Use of a Class Proceeding, after which the trial court concluded it was clear to it that the class of persons who received traffic citations from the Town of Pollock under the voided act fit the requirements of La.Code Civ.P. art. 591.

The prerequisites for class action lawsuits are found in La.Code Civ.P. art. 591, which provides:

A. One or more members of a class may sue or be sued as representative parties on behalf of all, only if:

(1) The class is so numerous that joinder of all members is impracticable.

(2) There are questions of law or fact common to the class.

(3) The claims or defenses of the representative parties are typical of the claims or defenses of the class.

(4) The representative parties will fairly and adequately protect the interests of the class.

(5) The class is or may be defined objectively in terms of ascertainable criteria, such that the court may determine the constituency of the class for purposes of the conclusiveness of any judgment that may be rendered in the case.

B. An action may be maintained as a class action only if all of the prerequisites of Paragraph A of this Article are satisfied, and in addition:

(1) The prosecution of separate actions by or against individual members of the class would create a risk of:

(a) Inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

(b) Adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(2) The party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate

final injunctive relief or corresponding declaratory relief with respect to the class as a whole;  or

(3) The court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  The matters pertinent to these findings include:

(a) The interest of the members of the class in individually controlling the prosecution or defense of separate actions;

(b) The extent and nature of any litigation concerning the controversy already commenced by or against members of the class;

(c) The desirability or undesirability of concentrating the litigation in the particular forum;

(d) The difficulties likely to be encountered in the management of a class action;

(e) The practical ability of individual class members to pursue their claims without class certification;

(f) The extent to which the relief plausibly demanded on behalf of or against the class, including the vindication of such public policies or legal rights as may be implicated, justifies the costs and burdens of class litigation;  or

(4) The parties to a settlement request certification under Subparagraph B(3) for purposes of settlement, even though the requirements of Subparagraph B(3) might not otherwise be met.

C. Certification shall not be for the purpose of adjudicating claims or defenses dependent for their resolution on proof individual to a member of the class.  However, following certification, the court shall retain jurisdiction over claims or defenses dependent for their resolution on proof individual to a member of the class.

Thus, litigants seeking class certification must satisfy the five criteria set forth in La.Code Civ.P. art. 591(A) and at least one of the three criteria found in La.Code Civ.P. art. 591(B).

In its written reasons for judgment, the trial court stated:

After careful analysis, the court finds that this action meets all the eligibility requirements to be certified as a class action lawsuit as outlined by Article 591 of the Louisiana Code of Civil Procedure.

This court places emphasis on every plaintiff being allowed to have his or her day in court. Such a fundamental right is the cornerstone of our American judicial system, and as such, this court believes that if each individual was required to bring his own action in this matter, such individual claim would be too small to support the hiring of counsel, thus effectively denying individual plaintiffs a remedy. As a matter of fundamental fairness, this court holds that a class action is superior to other available methods for a fair and efficient adjudication of this controversy. Therefore, plaintiff's Motion to Certify Case as a Class Action is granted.

Our supreme court recently reaffirmed its holding in *McCastle v. Rollins Environmental Services of Louisiana, Inc.*, 456 So.2d 612 (La.1984), and *State ex rel. Guste v. General Motors Corp.*, 370 So.2d 477 (La.1978), stating, "[A]s we have made clear before and reiterate today, the mere fact that varying degrees of damages may result from the same factual transaction and same legal relationship or that class members must individually prove their right to recover does not preclude class certification." *Bartlett v. Browning-Ferris Indus. Chem. Servs., Inc.*, 99-0494 (La.11/12/99), 759 So.2d 755, 756. The present certification suit is premised on the allegation that fines and/or court costs were collected by a town without jurisdiction to exercise authority over members of the class. The amounts of the fines for each member of the class are ascertainable and a class action is the most efficient way to adjudicate the controversy.

The district court has wide discretion in deciding whether to certify a class and the decision will not be overturned absent a finding of manifest error or abuse of discretion. *Nab Nat. Resources, L.L.C. v. Caruthers*, 30,649 (La.App. 2 Cir. 7/6/98), 714 So.2d 1288; *Stoute v. Wagner & Brown*, 93-1207 (La.App. 1 Cir. 5/20/94), 637 So.2d 1199. Further, the jurisprudence is settled that courts should err on the side of

9

maintaining the class action since the judge may always modify or amend the class at any time prior to a decision on the merits. La.Code Civ.P. art. 592(3)(c). *Clark v. Trus Joist MacMillian*, 02-676 (La.App. 3 Cir. 12/27/02), 836 So.2d 454; *Mayho v. Amoco Pipeline Co.*, 99-620 (La.App. 5 Cir. 12/15/99), 750 So.2d 278, *writ denied*, 00-110 (La.3/17/00), 756 So.2d 1143. We find no abuse of discretion on the trial court's part in finding the record supports that all of the requirements of La.Code Civ.P. art. 591 have been met.

## DECREE

For the foregoing reasons, the lower court judgment is affirmed. All costs of this proceeding are assessed to appellant, the Town of Pollock.

**AFFIRMED.**

NUMBER 05-332

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

HEATHER ROBERSON

VERSUS

TOWN OF POLLOCK

AMY, J., dissenting.

I respectfully dissent from the majority opinion. In my view, the trial court erred in failing to sustain the Town of Pollock's exception of no cause of action as the plaintiff's petition constitutes a collateral attack on the underlying criminal conviction.

Reference to the plaintiff's petition reveals the following statements:

> Plaintiff, along with all other individuals who were improperly arrested, is therefore entitled to have her conviction set aside, notification to the Louisiana Department of Public Safety and Corrections that the conviction has been set aside, and a refund of the fine paid to the Town of Pollock.
>
> . . . .
>
> WHEREFORE, plaintiff prays:

> I.    For judgment setting aside all convictions for traffic offenses that resulted from citations for traffic violations by the law enforcement personnel of the Town of Pollock along the portion of Highway 165 improperly annexed into the corporate limits of the Town of Pollock by Ordinance No. 8-30-95.

> II.    For judgment ordering that notice be given to the Louisiana Department of Public Safety and Corrections that the convictions have been set aside.

> III.    For judgment against defendant, the Town of Pollock ordering it to refund the fines paid by all individuals who were improperly issued citations and arrested under Ordinance 8-30-95 from December 4, 1995 until the present, together with legal interest thereon.

IV.    For judgment against the defendant, the Town of Pollock for such damages as are reasonable in the premises, with legal interest thereon from date of judicial demand until paid.

V.     For judgment awarding plaintiff, as representative party, reasonable expenses of litigation, including attorney's fees and costs of court.

Along with her request for general damages and attorney's fees, the plaintiff forthrightly asks that her conviction be set aside and that the amount of the fine be refunded to her. This is a collateral attack on a criminal proceeding in a civil suit. Such a collateral attack on an underlying criminal proceeding is impermissible. *Duke v. State, Dept. of Public Safety*, 424 So.2d 1262 (La.App. 3 Cir. 1982), *citing Gardner v. State, Dept. of Public Safety*, 198 So.2d 184 (La.App. 3 Cir. 1967); *State v. Free*, 321 So.2d 50 (La.App. 3 Cir. 1975), *writ denied*, 325 So.2d 272 (La.1976). The United States Supreme Court has noted that, even in 42 U.S.C. § 1983 cases, a collateral attack on a criminal conviction in a civil proceeding is not permissible. *See Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994). Rather, the conviction must first be invalidated before pursuit of that type of civil remedy is appropriate. *Id.*

The propriety of the plaintiff's conviction of the traffic offense could have been raised at the trial level or on direct review. *See* La.Code Crim.P. art. 912.1(C)(1); Uniform Rules - Courts of Appeal, Rule 4-3. Instead, the plaintiff admits that she paid the fine. Thus, she waived the opportunity to raise the type of objection to the ordinance that was later considered by the court in the *Kennedy* and *Garza* matters.

As I find that this case turns on the cause of action issue and I would reverse the trial court's ruling on this point, I do not reach the remaining assignments of error.

For these reasons, I dissent.

2