STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NOS. 2021 CA 1024
and 2021 CW 0680

MID-CITY AUTOMOTIVE, L.L.C.

VERSUS

STATE OF LOUISIANA,
THE DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS,
OFFICE OF STATE POLICE

Judgment Rendered: **APR 0 8 2022**

* * * * *

Appealed from the
19th Judicial District Court
Parish of East Baton Rouge, State of Louisiana
No. C647483

The Honorable Wilson E. Fields, Judge Presiding

* * * * *

| | |
|---|---|
| Dennis J. Phayer<br>Jenna H. Lin<br>Metairie, Louisiana | Attorney for Defendant/Appellant,<br>The State of Louisiana, through the<br>Department of Public Safety and<br>Corrections, Office of State Police |
| Larry S. Bankston<br>Baton Rouge, Louisiana | Attorneys for Plaintiffs/Appellees,<br>Mid-City Automotive, LLC,<br>Riverside Towing, Inc., and similarly<br>Situated individuals and entities |

* * * * *

BEFORE: McDONALD, LANIER, AND WOLFE, JJ.

**WOLFE, J.**

The State of Louisiana, through the Department of Public Safety and Corrections, Office of State Police, appeals a summary judgment ordering it to reimburse the plaintiff class $851,185.83, which was collected pursuant to a schedule of fines that was declared unconstitutional, as well as judicial interest and costs. A supervisory writ application filed by the Office of State Police that seeks review of the trial court's denial of its exception of lack of subject matter jurisdiction was also referred to this panel for consideration. We deny the writ application and affirm the summary judgment.

## FACTS AND PROCEDURAL HISTORY

The facts and procedural history of this matter are set forth in this court's prior decisions of **Mid-City Automotive, L.L.C. v. Department of Public Safety and Corrections**, 2018-0056 (La. App. 1st Cir. 11/7/18), 267 So.3d 165 (**Mid-City I**), and **Mid-City Automotive, L.L.C. v. Department of Public Safety and Corrections**, 2019-1429 (La. App. 1st Cir. 9/21/20), 314 So.3d 36 (**Mid-City II**). In short, Mid-City Automotive, LLC, instituted this suit for declaratory judgment and injunctive relief, challenging the constitutionality of certain provisions of LAC 55:I.1907(A), including the schedule of fines promulgated by the Office of State Police pursuant to its regulatory authority under The Louisiana Towing and Storage Act. See La. R.S. 32:1714. In **Mid-City I**, this court rendered judgment declaring that the schedule of fines set forth in LAC 55:I.1907(A)(4) was invalid due to an unconstitutional delegation of legislative authority to the Office of State Police and issued an injunction against further enforcement of the fines.[1] **Mid-City I**, 267 So.3d at 178.

---

[1]  Mid-City additionally challenged the license suspension and revocation provisions of LAC55:I.1907(A)(5) and (6). In **Mid-City I**, this court vacated the trial court's judgment insofar as it upheld those provisions and remanded the matter for a determination of whether Mid-City satisfied the administrative review provisions of La. R.S. 49:963D. **Mid-City I**, 267 So.3d at 173-74.

2

Mid-City then amended its petition to add Riverside Towing, Inc., as a plaintiff and assert a class action seeking reimbursement of all fines paid under the provision declared invalid in **Mid-City I**. The trial court granted the plaintiffs' motion for class certification and certified the class of plaintiffs to include "all persons, natural and/or juridical, who have paid a fine pursuant to the Schedule of Fines, LAC 55:I.1907(A), in the state of Louisiana from October 20, 2009, through the present, as a result of the application of LAC 55:I.1907(A)." **Mid-City II**, 314 So.3d at 39. The Office of State Police appealed and this court affirmed the trial court's judgment, rejecting the Office of State Police's argument that the plaintiffs' claims were prescribed. **Mid-City II**, 314 So.3d at 42.

Following this court's decision in **Mid-City II**, the plaintiff class filed a motion for summary judgment, seeking full repayment of the amounts the Office of State Police fined and collected from them under LAC 55:I.1907(A), which totaled $851,185.83. The plaintiffs argued that since this court declared the schedule of fines to be unconstitutional, the provision is void *ab initio* and all acts done pursuant thereto are void and of no effect. The plaintiffs further argued that since the unlawfully collected fines were their private property, the Office of State Police was obligated to refund them.

The Office of State Police then filed an exception of lack of subject matter jurisdiction based on sovereign immunity. The Office of State Police contended the plaintiffs' claims were for unjust enrichment and "[could] only be characterized as quasi-contractual in nature." Consequently, the Office of State Police argued, the plaintiffs' claims do not fall within the scope of the state's waiver of sovereign immunity from suits in contract or tort found in La. Const. art. XII, Sect. 10(A), and the court lacked jurisdiction to entertain them. The plaintiffs' disputed the Office of State Police's characterization of their claims as quasi-contractual. The plaintiffs argued that the state is not immune from suits brought against it where a public entity

3

is proceeding in violation of law, which they point out has been determined in this case; therefore, the plaintiffs contended, due process demands the return of the plaintiffs' unconstitutionally taken property. They further argued that the licensee and licensor relationship between the plaintiffs and the state is contractual and falls within the state's waiver of sovereign immunity.

In its opposition to the motion for summary judgment, the Office of State Police contended that the plaintiffs failed to demonstrate they were entitled to judgment as a matter of law, raising the same issue of sovereign immunity. Alternatively, the Office of State Police argued that issues of fact precluded the retroactive application of **Mid-City I** and this court's declaration that LAC 55:I.1907(A) is unconstitutional. In essence, the Office of State Police argued that reimbursement would result in injustice and hardship on the state and its citizens because the money has already been spent on governmental operations and programs.

The trial court denied the Office of State Police's exception of lack of subject matter jurisdiction and granted the plaintiffs' motion for summary judgment, ordering the Office of Sate Police to repay the plaintiffs $851,185.83, plus judicial interest and court costs. The Office of State Police suspensively appealed the summary judgment and filed an application for supervisory writ that seeks review of the trial court's ruling on the exception.

## SUBJECT MATTER JURISDICTION

Subject matter jurisdiction is the legal power and authority of a court to adjudicate a particular matter involving the legal relations of the parties and to grant the relief to which the parties are entitled. La. Code Civ. P. arts. 1 and 2. It cannot be conferred by the consent of the parties or waived. La. Code Civ. P. art. 3. The issue of subject matter jurisdiction may be raised at any stage of the proceeding and must be considered as a threshold issue even if it is not raised by the parties. See

4

**Boudreaux v. State, Department of Transportation and Development**, 2001-1329 (La. 2/26/02), 815 So.2d 7, 12-13.

Sovereign immunity bars a court from exercising jurisdiction in suits against the state unless the state has elected to waive its immunity. <u>See</u> **Coleman v. Court of Appeals of Maryland**, 566 U.S. 30, 132 S.Ct. 1327, 1333, 182 L.Ed.2d 296 (2012). Article XII, Section 10[2] of the Louisiana Constitution of 1974 contains an unequivocal, self-executing waiver of the state's sovereign immunity as to suit and liability in contract and tort cases. **Fulmer v. State, Department of Wildlife and Fisheries**, 2010-2779 (La. 7/1/11), 68 So.3d 499, 503, <u>cert. denied</u> 565 U.S. 1198, 132 S.Ct. 1622, 182 L.Ed2d 165 (2012). The plain language of the provision does not include a waiver of immunity for quasi-contractual unjust enrichment claims. **Canal/Claiborne, Limited v. Stonehedge Development, LLC**, 2014-0664 (La. 12/9/14), 156 So.3d 627, 634. Accordingly, courts lack subject matter jurisdiction to entertain quasi-contractual unjust enrichment claims against the state. **Canal/Claiborne**, 156 So.3d at 640.

---

[2] Article XII, Section 10, entitled "Suits Against the State," provides:

> (A) **No Immunity in Contract and Tort.** Neither the state, a state agency, nor a political subdivision shall be immune from suit and liability in contract or for injury to person or property.

> (B) **Waiver in Other Suits.** The legislature may authorize other suits against the state, a state agency, or a political subdivision. A measure authorizing suit shall waive immunity from suit and liability.

> (C) **Limitations; Procedure; Judgments.** Notwithstanding Paragraph (A) or (B) or any other provision of this constitution, the legislature by law may limit or provide for the extent of liability of the state, a state agency, or a political subdivision in all cases, including the circumstances giving rise to liability and the kinds and amounts of recoverable damages. It shall provide a procedure for suits against the state, a state agency, or a political subdivision and provide for the effect of a judgment, but no public property or public funds shall be subject to seizure. The legislature may provide that such limitations, procedures, and effects of judgments shall be applicable to existing as well as future claims. No judgment against the state, a state agency, or a political subdivision shall be exigible, payable, or paid except from funds appropriated therefor by the legislature or by the political subdivision against which the judgment is rendered.

5

The Office of State Police likens the plaintiffs' claims to the unjust enrichment claims presented in **Canal/Claiborne**. That case involved a property owner's claims for lost rental income against a state agency that sub-leased the plaintiff's property. **Canal/Claiborne**, 156 So.3d at 630-31. The Louisiana Supreme Court found there was no privity of contract between the plaintiff and state agency under the sublease contract and that the agency was not liable to the plaintiff pursuant thereto. **Canal/Claiborne**, 156 So.3d at 633. The Court then determined that the plaintiff's claim for unjust enrichment under La. Civ. Code art. 2298[3] was not within the scope of the state's waiver of sovereign immunity from suit in liability in contract or for injury to person or property found in La. Const. Art. XII, Sect. 10(A). **Canal/Claiborne,**, 156 So.3d at 634, 640.

We agree with the plaintiffs that **Canal/Claiborne** is factually distinguishable from the case *sub judice*. **Canal/Claiborne** did not involve a claim for repayment of fines determined to be unconstitutional and the plaintiffs in this case have not asserted clams for unjust enrichment. "The root principle of unjust enrichment is that the plaintiff suffers an economic detriment for which he should not be responsible, while the defendant receives an economic benefit for which he has not paid." **Quaternary Resource Investigations, LLC v. Phillips**, 2018-1543 (La. App. 1st Cir. 11/19/20), 316 So.3d 448, 462, <u>writ denied</u>, 2020-01450 (La. 3/2/21),

---

[3] Louisiana Civil Code article 2298, entitled "Enrichment without cause; compensation," provides:

> A person who has been enriched without cause at the expense of another person is bound to compensate that person. The term "without cause" is used in this context to exclude cases in which the enrichment results from a valid juridical act or the law. The remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule.

> The amount of compensation due is measured by the extent to which one has been enriched or the other has been impoverished, whichever is less.

> The extent of the enrichment or impoverishment is measured as of the time the suit is brought or, according to the circumstances, as of the time the judgment is rendered.

311 So.3d 1059. Here, the plaintiffs seek reimbursement of unconstitutional fines collected by the Office of State Police as an exercise of its police power. See La. R.S. 32:1711; **Mid-City I**, 267 So.3d at 177. The plaintiffs' claims do not sound in unjust enrichment.

It is a well-settled principle of law that sovereign immunity does not shield the state (or its agencies) from suits challenging the constitutionality of the state's acts. See **Carso v. Board of Liquidation of State Debt**, 205 La. 368, 374, 17 So.2d 358, 360 (La. 1944); **City of Natchitoches v. State**, 221 So.2d 534, 539 (La. App. 3rd Cir.), writs denied, 254 La. 463 and 464 (1969); see also Stanwood R. Duval, *Sovereign Immunity, Anachronistic or Inherent: A Sword or A Shield?*, 84 Tul. L. Rev. 1471, 1479 (2010) (stating the enforcement of constitutional rights has never been subject to a sovereign immunity defense in Louisiana); Lee Hargrave, *"Statutory" and "Hortatory" Provisions of the Louisiana Constitution of 1974*, 43 La. L. Rev. 647, 648 (1983) (stating "there is no constitutional foundation to support a claim of [the state's] general immunity from suit, and there are many areas in which it has never been questioned that the state is subject to suit"). It is also clear that in suits where the state is found to have acted under a provision determined to be unconstitutional, sovereign immunity does not deprive the court of jurisdiction to order the state to make restitution to the plaintiffs. See, e.g., **Ring v. State of Louisiana, Department of Transportation and Development**, 2011-0204 (La. App. 1st Cir. 9/21/12), 2012 WL 4329299, *18 (unpublished), writ denied, 2013-0199 (La. 3/15/13), 109 So.3d 383 (where this court determined that the plaintiff stated a cause of action against the state for reimbursement of a fine determined to be unconstitutional under the applicable statutory scheme as well as for 42 U.S.C. §1983 damages for the enforcement of an allegedly unconstitutional ticketing and regulatory scheme); **Roberson v. Town of Pollock**, 2005-332 (La. App. 3rd Cir. 11/9/05), 915 So.2d 426, 429, writ denied, 2006-0213 (La. 4/24/06), 926 So.2d 550,

7

(where the court determined the plaintiff class stated a cause of action for civil remedies, including reimbursement and damages, related to traffic citations issued in connection with an ordinance that was determined to be unconstitutional); see also **Louisiana Public Service Commission v. Louisiana State Legislature**, 2017-0712 (La. App. 1st Cir. 5/16/18), 2018 WL 2250518, *8 (unpublished), writ denied, 2018-0978 (La. 10/8/18), 253 So.3d 796 (recognizing that if there is a remedy for declaring the provisions at issue that authorize the transfer of money from dedicated funds unconstitutional, it is return of the funds from where they were taken).

We find this case most similar to **McMahon v. City of New Orleans**, 2018-0842 (La. App. 4th Cir. 9/4/19), 280 So.3d 796, 801, writ denied, 2019-01562 (La. 11/25/19), 283 So.3d 498. In that case, the Fourth Circuit Court of Appeal exercised subject matter jurisdiction over a class action against the City of New Orleans and ordered the City to repay fines it collected from the plaintiffs under a city ordinance determined to be unconstitutional. This was after the court determined in a prior decision that the plaintiffs had a vested right to seek redress for illegal enforcement of the ordinance. See **McMahon v. City of New Orleans**, 2013-0771 (La. App. 4th Cir. 12/18/13), 2013 WL 6925013, *6 (unpublished), writ denied, 2014-0134 (La. 3/21/14), 135 So.3d 622. Although the issue of subject matter jurisdiction was not specifically addressed in either of the Fourth Circuit's opinions, it is presumed to have been considered as subject matter jurisdiction is a threshold issue in every case. See **West Baton Rouge Parish Council v. Tullier**, 2018-1722 (La. App. 1st Cir. 1/11/21), 317 So.3d 782, 787, writ denied, 2021-00389 (La. 5/4/21), 315 So.3d 221; see also **City of Baton Rouge v. Douglas**, 2004-1448 (La. App. 1st Cir. 12/29/05), 923 So.2d 166, 167, writs denied, 2006-0675 (La. 6/2/06), 929 So.2d 1254, and 2011-0328 (La. 4/1/11), 60 So.3d 1255, and 2006-0675 (La. 12/16/11), 76 So.3d 1189.

After careful review, we find no merit to the Office of State Police's arguments that sovereign immunity bars the exercise of subject matter jurisdiction over the plaintiff class's claims for repayment of the fines collected under the unconstitutional fine schedule. Accordingly, we deny the application for supervisory writ filed by the Office of State Police and consider the summary judgment granted by the trial court.

## SUMMARY JUDGMENT

After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La. Code Civ. P. art. 966A(3). The summary judgment procedure is favored and shall be construed to secure the just, speedy, and inexpensive determination of every action. La. Code Civ. P. art. 966A(2). The court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made. La. Code Civ. P. art. 966D(2). In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria that governs the trial court's determination of whether summary judgment is appropriate. **In re Succession of Beard,** 2013-1717 (La. App. 1st Cir. 6/6/14), 147 So.3d 753, 759-60.

The initial burden of proof is on the party filing the motion for summary judgment. See La. Code Civ. P. art. 966D(1). The mover may meet this burden by filing supporting documentary evidence consisting of pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions with the motion for summary judgment. See La. Code Civ. P. art. 966A(4). The mover's supporting documentary evidence must prove the essential facts necessary to carry his burden. Thus, in deciding a motion for summary judgment, it must first be determined whether the supporting documents

9

presented by the mover are sufficient to resolve all material fact issues. **Crockerham v. Louisiana Medical Mutual Insurance Company**, 2017-1590 (La. App. 1st Cir. 6/21/18), 255 So.3d 604, 608.

Once the motion for summary judgment has been properly supported by the moving party (*i.e.,* the mover has established the material facts through its supporting documentary evidence), and the mover has made a *prima facie* showing that the motion for summary judgment should be granted, the burden shifts to the non-moving party to produce factual support, through the use of proper documentary evidence attached to his opposition, sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial - the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. See **Babin v. Winn-Dixie Louisiana, Inc.**, 2000-0078 (La. 6/30/00), 764 So.2d 37, 39. If the non-moving party fails to produce factual support in his opposition sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, La. Code Civ. P. art. 966D(1) mandates the granting of the motion for summary judgment. See **Babin**, 764 So.2d at 40.

In ruling on a motion for summary judgment, the trial court's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. **Janney v. Pearce**, 2009-2103 (La. App. 1st Cir. 5/7/10), 40 So.3d 285, 289, writ denied, 2010-1356 (La. 9/24/10), 45 So.3d 1078. Further, simply showing the presence of disputed facts is insufficient if there is no legal issue presented by those contested facts. See **Franklin Credit Management Corp. v. Gray**, 2007-1433 (La. App. 4th Cir. 1/14/09), 2 So.3d 598, 603, writ denied, 2009-0476 (La. 4/17/09), 6 So.3d 795. A "genuine" issue is a triable issue, which means that an issue is genuine if reasonable persons could disagree. If on the state of the evidence, reasonable persons could reach only one conclusion, there is no need for a trial on that issue. **Kasem v. State**

**Farm Fire & Casualty Company,** 2016-0217 (La. App. 1st Cir. 2/10/17), 212 So.3d 6, 13. A fact is "material" when its existence or nonexistence may be essential to a plaintiff's cause of action under the applicable theory of recovery. **Id.** Because the applicable substantive law determines materiality, whether a particular fact in dispute is material must be viewed in light of the substantive law applicable to the case. **Bryant v. Premium Food Concepts, Inc.,** 2016-0770 (La. App. 1st Cir. 4/26/17), 220 So.3d 79, 82, writ denied, 2017-0873 (La. 9/29/17), 227 So.3d 288.

After *de novo* review, we find that the plaintiff class satisfied its initial burden on the motion for summary judgment by offering proof of the amounts the plaintiffs paid under the provision declared unconstitutional in **Mid-City I**. The burden of proof then shifted to the Office of State Police, which reiterated its argument regarding lack of subject matter jurisdiction based on sovereign immunity. Having determined that argument lacks merit, we turn to the Office of State Police's alternative argument that issues of fact preclude the retroactive application of **Mid-City I** and this court's declaration that LAC 55:I.1907(A) is unconstitutional.[4]

As a general rule, a statute declared unconstitutional is void *ab initio* and all acts under such statute are void and of no effect. **Mid-City II,** 314 So.3d at 42 n.2; **Magee v. Landrieu,** 95-0437, 95-0438, 95-0474 (La. App. 1st Cir. 3/17/95), 653 So.2d 62, 65, writs denied, 95-0790, 95-0800, 95-0805, 95-0870 (La. 4/21/95), 654 So.2d 319, 320. A decision is generally to be given prospective and retroactive effect; however, since retroactivity is not constitutionally mandated it may be limited

---

[4]     In its reply to the Office of State Police's brief raising this issue, the plaintiffs argued that this issue was previously raised and denied by this court in **Mid-City II**, thus creating law of the case. We disagree. This court's decision in Mid-City II was limited to review of the trial court's ruling granting plaintiffs' motion for class certification and denying the Office of State Police's exception of prescription. **Mid-City II,** 314 So.3d at 42. This court noted the Office of State Police's argument that **Mid-City I** should not apply retroactively and further noted that the issue had yet to be decided, stating "Should the trial court determine that this matter as presented is an exception to the general rule [that a statute declared unconstitutional is void *ab initio* and all acts done thereunder are void and of no effect], the class certification is subject to modification." **Mid-City II,** 314 So.3d at 42 n.2.

11

when necessary or advisable. See **Succession of Clivens**, 426 So.2d 585, 594 (La. 1982) (on rehearing); **Magee**, 653 So.2d at 65.

Whether a decision making a declaration of unconstitutionality should be limited to prospective application requires the weighing and balancing of the competing interests involved. **Succession of Clivens**, 426 So.2d at 594. The Louisiana Supreme Court has explained:

> (1) the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed; (2) the merits and demerits must be weighed in each case by looking to the prior history of the rule in question, its purpose and effect and whether retrospective application will further or retard its operation; and (3) the inequity imposed by retroactive application must be weighed.

**Succession of Clivens**, 426 So.2d at 594-95.

The Office of State Police argues that the impracticality and inequity of applying **Mid-City I** retroactively is confirmed by the affidavit of Louisiana State Police Lieutenant Colonel Jason Starnes, which it submitted in opposition to the motion for summary judgment. Starnes, who attests that he is employed by the State of Louisiana, Department of Public Safety and is familiar with its offices of management and finance, states that the fines collected pursuant to LAC 55:I.1907(A) were deposited into the appropriate account and were dispensed, disbursed, allocated, and/or spent in accordance with applicable law. Starnes explains that the State of Louisiana and specifically the Department of Public Safety and Office of State Police have experienced a dramatic reduction in revenue due to the COVID-19 pandemic. Since all funds have left their control, he attests it would be "inequitable and unworkable, and would result in great financial hardship to now require the Department of Public Safety and/or the State Police to come up with a lump sum representing nearly 10 years of fines collected" under the unconstitutional provision.

12

Pursuant to LAC 55:I.1907(A)(3), the fines were required to be paid to the Office of State Police and deposited in the state treasury and the Louisiana Towing and Storage Fund created and governed by La. R.S. 32:1731. In particular, La. R.S. 32:1731 provides that "The fund shall be used solely to fund personnel positions and the activities and enforcement of [the Louisiana Towing and Storage Act] by the [O]ffice of [S]tate [P]olice and only in the amount appropriated by the legislature with all remaining funds to be deposited in the state general fund." Thus, the Office of State Police argues, "the fines collected by the State for which [the plaintiff class] now seeks reimbursement have long since been dispersed according to applicable law and have been spent on governmental operations and programs which have inured to the benefit of all Louisiana residents and taxpayers."

We are unpersuaded by the Office of State Police's argument that the statutory provision authorizing the disbursement and utilization of the fine amounts warrants prospective application of **Mid-City I** and shields it from repayment. This same argument could apply in virtually every case involving an unconstitutional provision that required payment to the state. In **McMahon,** the Fourth Circuit Court of Appeal held that the determination of unconstitutionality rendered the city ordinances null and void *ab initio*, thus requiring the immediate return of $25,612,690.32 in fees and fines collected from tickets issued thereunder. **McMahon,** 280 So.3d at 800-01. In concurring reasons, one judge acknowledged the impact repayment would have on the City of New Orleans but reasoned that "[a]s a result of the invalid ordinances, the affected citizenry, who were erroneously mandated to pay the City these fees and fines, are entitled to be made whole." **McMahon,** 280 So.3d at 801 (Brown, J., concurring). Similarly, we find the inequities to the state resulting from application of the general rule and the resulting requirement of repayment do not outweigh the inequities to the plaintiffs that would result from prospective application and their required forfeiture of the amounts paid in fines under the unconstitutional provision.

In **Mid-City I**, this court declared LAC 55:I.1907(A)(4) unconstitutional. For the reasons set forth herein, we find no merit to the Office of State Police's argument that **Mid-City I** should be applied only prospectively. In accordance with the general rule regarding application of judicial decisions, LAC 55:I.1907(A)(4) is null and void *ab initio*, as if it had never been passed. Consequently, the Office of State Police has failed to carry its burden of proof in opposing the plaintiffs' motion for summary judgment.

## CONCLUSION

We deny the writ application filed by the Office of State Police. We affirm the June 3, 2021 judgment of the trial court, which granted summary judgment in favor of the plaintiff class and ordered the Office of State Police to return $851,185.83 to the plaintiffs. Costs of this appeal in the amount of $4,656.00 are assessed to the State of Louisiana, Department of Public Safety and Corrections, Office of State Police.

**WRIT DENIED; JUDGMENT AFFIRMED.**